115  635
121  128

[S. F. No. 326.    Department Two.—January 25, 1897.]

## IN THE MATTER OF THE ESTATE OF J. B. PAINTER, DECEASED.

ESTATES OF DECEASED PERSONS — PETITION FOR PARTIAL DISTRIBUTION — SHOWING REQUIRED — CONDITION OF ESTATE — TITLE OF APPLICANT — OPPOSITION — REBUTTAL — PLEA IN ABATEMENT — IMPROPER PRACTICE. Upon the hearing of a petition for a partial distribution of the estate of a deceased person, no default can be taken, and a plenary showing must be made by the applicant at the hearing, whether there be opposition or not, that the estate is but little indebted, that the applicant is entitled to the share asked for, and what, when the expenses are paid, such share will amount to, and the only office of an opposition is to rebut this showing, and there can be no plea in abatement as such; nor is it

proper practice to allow the parties appearing in opposition first to offer evidence showing the pendency of legal proceedings to determine the rights of the applicant in the estate, and of an action to settle partnership accounts of the decedent, and to deny the petition on that ground, without any evidence from the petitioner; but the showing made by the petitioner must be considered with the evidence offered by the contestants, as to whether the condition of the estate warrants a partial distribution to the applicant.

Id.—Duty of Judge—Caution—Safety of Distribution—Discretion.— The probate judge should proceed with great caution, and very much must be left to his discretion in determining whether a partial distribution can be safely made, and when he decides that the condition of the estate is such that a distribution cannot be safely made, his conclusion will not often be reversed in the appellate court.

Id.—Determining Rights of Applicant — Deferring Distribution— Action under Code — Election of Judge.— The court may determine the rights of the applicant to a share of the estate, and, if so, to what share, upon the hearing of the petition for partial distribution, as being necessarily involved therein, or, if the judge sees fit, he may elect to defer the distribution, and direct suit to be brought under section 1664 to determine the extent of the applicant's interest; but the judge should either elect to suspend the proceedings and direct such suit to be brought, or should proceed to determine, upon the whole evidence, whether the application should be granted or denied.

Id.—Bond upon Partial Distribution — Payment of Creditors—Sufficiency of Assets.—The creditors are not to be deprived of their lien upon the assets of the estate, and given a bond in lieu thereof; and the court should see that there are sufficient assets left to pay the creditors, without recourse to the bond given upon partial distribution, the requirement of a bond being only additional security to provide against unforeseen liabilities and errors in judgments.

Appeal from an order of the Superior Court of the City and County of San Francisco denying a petition for partial distribution. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

*R. S. Gray*, for Appellants.

Contestant cannot be considered as a creditor of the estate, as there is no allegation in the opposition of presentation and allowance of his claim, or presentation, rejection, and suit within the time provided by law. (Code Civ. Proc., sec. 1493; *Hentsch* v. *Porter*, 10 Cal. 555, 561; *Derby* v. *Jackman*, 89 Cal. 4; *Ohm* v. *Superior Court*, 85 Cal. 545; 20 Am. St. Rep. 245; *Field* v. *Andrada*, 106 Cal. 107; *Painter* v. *Painter*, 68 Cal. 395.)

Where two actions or proceedings involve concurrent remedies, the pendency of one will not abate the other. (*Smith* v. *Lathrop*, 44 Pa. St. 326; 84 Am. Dec. 454, and cases cited; 6 Waite's Actions and Defenses, 397, and cases cited.) The pending litigation does not show any fact contemplated by the statute as ground for opposition, and the command of section 1663 of the Code of Civil Procedure is peremptory. (*Estate of Ricaud*, 57 Cal. 421; *Estate of Pritchett*, 51 Cal. 568; *In re Crocker*, 105 Cal. 368.) In proceedings under section 1658 of the Code of Civil Procedure for partial distribution, the court has jurisdiction to determine the rights of petitioners. (*In re Jessup*, 81 Cal. 408.) The bond is given principally to secure the estate against contested claims, or claims which may come in after the order is made. (*Estate of Dunne*, 65 Cal. 378, 380.)

*Edward J. Pringle*, for Respondents.

The claim of the widow to one-half of the estate, by virtue of her community, is adverse to the administration, and there is no ascertained balance of assets subject to distribution. (*Estate of Ricaud*, 57 Cal. 423.)

TEMPLE, J.—This is an application for a partial distribution, made by the widow and children of deceased. J. B. Painter died testate, having by his will made many bequests and devises. Among other things, he gave to his brothers, J. Milton Painter and Theodore P. Painter, his interest in the partnership of Painter & Co., of which firm he had been a member, and also devised to them a certain building in which the business of the firm had been conducted. There were several minor children, one of whom was born after the execution of the will. The widow and the children then in being received bequests and devises by the will, as did also several other persons. The widow claims that all the property of the estate is community property, and that she is entitled to one-half thereof as surviving wife, and also to the bequests made to her in the will. Naturally,

J. M. Painter and Theodore P. Painter deny that the widow is entitled to one-half the property, and claim that she cannot take under the will, and still claim her rights as survivor, because the testator evidently attempted, by his will, to dispose of his entire estate. The widow states in her petition that, to properly express her interest in the estate, it must be divided into five hundred and four parts; that she is entitled to two hundred and fifty-two parts of it for her interest in the community property, one hundred and fourteen parts as devisee under the will, and to nineteen parts as assignee of Arthur Painter, a devisee under the will; making three hundred and eighty-five of said five hundred and four parts constituting the estate.

J. Milton Painter and Theodore P. Painter oppose the application. They were brothers of the testator, and to them is given, in terms in the will, the interest of the testator in the partnership property, and also a specific piece of real estate. They are, therefore, interested in the question raised by the application. They set up, in substance: 1. That the right of the widow to one-half of the property as community property is not beyond question, and that an action had been brought, and was then pending, to determine the claim of the widow to take both under the will and one-half of the community property as survivor; and 2. That an action is also pending between the surviving partners of the firm of Painter & Co. and the estate to settle the accounts of the copartnership, and to close up its business. In that suit the surviving partners contend that the deceased was indebted to the copartnership in a large sum.

At the hearing the petitioner offered no evidence whatever, but counsel agreed that the parties who appeared in opposition might first offer evidence showing the pendency of the legal proceedings alluded to in their written opposition, and submit to the court the sufficiency of such evidence to cause a denial of the petition and application for partial distribution.

Thereupon counsel put in evidence the transcript of
an appeal to this court in the case of *J. Milton Painter*
v. *Theodore P. Painter, R. B. Dallam, and others,* and it
was admitted that the case is still pending.   It was also
stipulated that the suit brought to settle the accounts
of the partnership was then pending.   Thereupon the
court denied the application.   The application was
made under section 1663 of the Code of Civil Proce-
dure, which permits the application to be made at any
time after the lapse of one year from the issuance of
letters of administration.   It is provided that notice
shall be given by posting, which may be but for one or
two days, and that the distribution shall be made, if at
the hearing it appears that the estate was but little in-
debted, and that the share of the party applying may
be allowed to him without loss to the creditors of the
estate.   Under section 1658, a similar application may
be made at any time after the lapse of four months
from the issuance of letters.   It is evident that persons
interested in the estate have very little protection in
this proceeding, except in the discretion of the probate
judge; and he should, therefore, proceed with the
greatest caution.

Although all parties interested are brought before
the court by the notice given, no default can be taken
against them, and a plenary showing must be made by
the applicant at the hearing.   If opposition is made,
and the grounds of the opposition stated in writing,
that cannot limit the inquiry, nor can the court take
the admission of contestants, unless it clearly appears
that the admission is made by all parties interested in
the proceeding.   There is very little in the proceeding
which resembles a suit at law.   There could be no plea
of abatement.   One question naturally presented by the
application is whether the distribution should be *then*
made.   A showing that the distribution cannot be then
made is a complete answer to the application.

It is also obvious that the court may be called upon
to determine other questions than those pertaining to

the interests of creditors; as, for instance, whether the applicant is entitled to a share of the estate, and if so, what share is necessarily involved. So, too, it may be that the costs of administration may be so great that there will be no estate to distribute. There are all sorts and conditions of estates. Probably in not one in a hundred would the court be justified in ordering a distribution within four months after the issuance of letters. Yet there are estates in which it would be quite obvious that there would be no danger in so doing. Very much must, therefore, be left to the discretion of the probate judge, and when he decides that the condition of the estate is such that the distribution cannot safely be made, his conclusion would not often be reversed here. If the distribution were denied because of some doubt upon a question of law, such as, for instance, the construction of a will, such questions could be conveniently determined in such a case. But we cannot well reverse a decision based upon the judgment of the court as to whether the condition of the estate is such as to justify the distribution, especially when the application is denied by the probate judge.

The practice pursued in the probate court, in this case, is anomalous. Naturally, the laboring oar is always with the applicant. Whether there be opposition or not, or whatever the opposition may be, the petitioner must show that the estate is but little indebted, that he is entitled to the share he asks, and what, when the expenses of administration are paid, his share will amount to. The only office of an opposition is to rebut this showing. If, in this case, the probate judge had concluded that the facts shown by the contestants did not warrant the denial of the application, still the showing made at the hearing by the petitioner would have to be considered with the evidence offered by the contestants.

Whether the widow was entitled to one-half the community property, and to take under the will also, could have been determined upon this application; although,

if the judge saw fit, he could have deferred the distribution, and directed suit to be brought under section 1664 of the Code of Civil Procedure, to determine the extent of her interest.

Whether the claim of the surviving partners, to recover from the estate any balance which, upon an accounting, may be found to be due from the deceased partner to the partnership, after applying all his interest in the copartnership to such payment, was a claim which should have been presented for allowance, has not been very fully argued, and need not be now decided. Even if it be recognized as a valid claim against the estate, still, whether it should prevent a distribution would depend upon the value of the assets of the estate; and upon that subject I find no evidence. It is averred in the petition that there is a large amount of assets, over and above the property of which distribution is asked, and that the property of which distribution is asked is an inconsiderable portion of the estate. But there is no admission of the truth of these allegations, and the showing as to the condition of the estate must be made at the hearing. Upon that subject, therefore, we are in the dark.

It is well to observe here that the creditors are not to be deprived of their lien upon the assets of the estate, and given a bond in lieu thereof. The court should see that sufficient assets are left, after the partial distribution, to pay them, without recourse to the bond. The requirement of a bond is only additional security to provide against unforeseen liabilities, and against errors in judgment.

The court did not elect to suspend proceedings, and direct petitioner to proceed, under section 1664, to ascertain the extent of the ownership of the surviving wife in the property, and, upon the showing made, it could not determine whether the distribution could then have been safely made. I think, therefore, the court should proceed with the hearing of the application, notwithstanding the opposition, and, upon the evidence then

produced and that submitted by the contestants, determine whether the application should be granted or denied.

The order is therefore reversed and case remanded, with directions to proceed in accordance with this opinion.

McFARLAND, J., and HENSHAW, J., concurred.