|121|125|
|121|394|
|121|125|
|147|255|

[S. F. No. 935.   Department One.—June 2, 1898.]

In the Matter of the Estate of JOSEPH P. HALE, Deceased.

ESTATES OF DECEASED PERSONS—PARTIAL DISTRIBUTION—PAYMENT OF ANNUITIES—FINDING OF FACT.—Upon petition of legatees to whom bequests had been made in the nature of a life annuity in equal monthly payments, for a partial distribution to them of unpaid arrears, and of future monthly payments, a finding that the estate was but little indebted, and that the payments prayed for might be made without loss to the creditors of the estate, and that there would remain, after such payment, sufficient property in the hands of the administratrix to pay in full all debts, costs, and expenses of administration, and all devises and legacies under the will, is a finding of fact which, though placed among the conclusions of law, as a legal deduction from probative facts, embraces the essential, ultimate facts which are indispensable under the statute to authorize and empower the court to make the order prayed for. Unless these facts exist, there is no right to partial distribution, no matter what may be the condition of the estate in other respects.

ID.—FINDING AGAINST EVIDENCE.—Where the evidence shows an estate valued at four hundred and sixty-two thousand dollars, with admitted subsisting liabilities of two hundred and fifty thousand dollars, and a probable and possible additional indebtedness amounting in the aggregate to more than four hundred thousand dollars, and that to take the money necessary to pay annuities would deprive the administratrix of means to pay the interest on the allowed demands and the current expenses of administration, and would probably greatly embarrass the estate by requiring a sacrifice of its property at forced sale, the finding that the estate was but little indebted, and that payment of the annuities might be made without loss or injury to the creditors of the estate, etc., is against the evidence.

ID.—ANNUITIES CHARGED UPON PARTICULAR PROPERTY.—The fact that the annuities were to be paid out of the income of particular property, upon which they were primarily made a charge, does not entitle the persons to whom they were bequeathed to payment of them, when the general condition of the estate will not permit of such payment; but that property is as much chargeable with the debts and other obligations of the estate as any other, if necessary to be resorted to for that purpose, and, where the evidence does not show that resort thereto will not be required, to meet a large actual and possible indebtedness, an order for payment of the annuities cannot be sustained.

ID.—PARTIAL DISTRIBUTION—BOND FOR PROPORTION OF INDEBTEDNESS.—The only occasion upon which the giving of a bond by persons petition-

ing for a partial distribution can be dispensed with is where it appears that the time for presenting claims against the estate has expired, and all claims that have been allowed have been paid, or are secured by mortgage upon real estate sufficient to pay them, and the court is satisfied that no injury can result to the estate; and where the evidence shows that a large proportion of the demands were unsecured by mortgage, or otherwise, and that such unsecured demands had not been paid, the court has no authority to dispense with the requirement of a bond.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting partial distribution of the estate of a deceased person. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Alexander D. Keyes, Philip G. Galpin, and Galpin & Zeigler, for Appellants.

M. Cooney, for Respondents John Hale and Margaret Ryan.

Matt. Clarken, and Osgood Putnam, for Respondent Mary Hale.

VAN FLEET, J.—By his will the deceased, among other dispositions, left to Mary Hale and Margaret Ryan, his sisters, and John Hale, a brother, each a bequest in the nature of a life annuity in the sum of $50 per month. The will was probated in May, 1893.

In June, 1896, the respondents filed petitions in the court below setting up that said annuities had not been paid; that the estate was in a condition to pay the same, and praying a distribution thereof, and asking that the amounts accrued thereon respectively be ordered paid at once, and that thereafter the monthly payments be made as they should fall due.

The widow, as administratrix with the will annexed and as a devisee under the will, and the daughter, as a devisee, and certain creditors of the estate, made opposition to the granting of the petitions, setting up that the estate was largely indebted, and that such distribution could not then be had without detriment to the interests of the estate and injury to the creditors. The petitions were heard together, and the court made findings

of fact upon which it based an order granting the distribution asked. The order directed the administratrix to pay to Mary Hale $2,492.36, to John Hale a like sum, and to Margaret Ryan $622.20, found to be the amounts respectively accrued and unpaid upon said annuities, and directed the administratrix to thereafter make payments upon said annuities monthly as they should fall due. These amounts were directed to be paid out of any funds then in the hands of the administratrix, or which should thereafter be received by her from the rents or profits of a certain parcel of real estate upon which, by the terms of the will, said annuities were made primarily chargeable. From this order the parties making the opposition thereto appeal.

1. The objection most strongly urged against the propriety of the order is, that the evidence does not sustain the findings upon which the order rests; and we are satisfied that this objection must be sustained.

The material facts found by the court were: "That the estate of said deceased is but little indebted, and that the shares of said Mary Hale, Margaret Ryan, and John Hale, prayed for in their said petitions, may be allowed to them without loss to the creditors of said estate, and that there will remain in the hands of the administratrix undisturbed, after the payment and delivery to them of their respective shares, sufficient property of the said estate to pay in full all claims and debts against and all creditors of said estate, and also all costs and expenses of administration, and all devises and legacies under the will of said testator."

.This finding is placed among the conclusions of law as a legal deduction from certain probative facts found by the court, but it is, nevertheless, a finding of facts, and indeed embraces the essential, ultimate facts which are indispensable under the statute to authorize and empower the court to make the order in question. (Code Civ. Proc., secs. 1658-63.) These sections authorize an order of partial distribution only in the event that "it appear that the estate is but little indebted, and that the share of the party applying may be allowed to him without loss to the creditors of the estate." (Code Civ. Proc., secs. 1661, 1663.) Without the existence of these facts the court cannot

competently make such an order, even in the absence of opposition thereto. (*In re Painter*, 115 Cal. 635, 640.) The contemplation of the statute is that, unless these facts exist there is no right to partial distribution, no matter what the condition of the estate may be in other respects.

Neither the probative findings of the court nor the evidence in the case sustain the finding as to the existence of these jurisdictional facts. The evidence was without conflict and shows in substance this: The value of the entire assets of the estate remaining at the time of the hearing, exclusive of certain corporate stock in the Flores Hale Company, the value of which was not ascertained, was shown to be about $462,000, consisting almost exclusively of real estate. The allowed claims and demands existing and unpaid against the estate at that time amounted, as found by the court, to $235,000. This amount, however, covers only the principal of the allowed claims and does not include unpaid interest on the unsecured claims, which item, ignored by the finding, amounted at the time to about $25,000, augmenting the indebtedness by that sum. The finding also ignores the existence of a rejected claim for the sum of $160,000, a suit for which was then pending against the estate and undetermined. Of the total amount of the admitted indebtedness about $117,000—consisting of one claim of $50,000 and another of $67,000—was secured by mortgage on the real property of the estate; another claim of about $3,000 was secured by personal property in the hands of the creditor, and the balance of about $107,000 was unsecured. The interest on the mortgage indebtedness the administratrix had been compelled to keep paid in order to avoid threatened foreclosure and forced sale of the property, which, as the evidence tends to show, would have entailed great sacrifice and loss to the estate. The interest on the unsecured claims, as indicated above, had not been paid, but had accumulated since their allowance, a period of about three years. The income from the property of the estate was shown to be at the time of the application about $1,500 per month. The interest on the mortgage indebtedness alone is shown to amount to considerably more than $700 per month; the necessary expense of maintaining and caring for the property of the estate, collecting rents, etc., was upward of $400 per month,

exclusive of taxes and insurance; the taxes on the property of the estate are about $3,500 a year—the amount of the insurance not appearing; the family allowance to the widow is $350 per month; thus making an aggregate monthly outgo, without regard to the interest accruing on the unsecured debts, of some $1,700 or $1,800. The amount of ready funds in the hands of the administratrix at the date of the application is not shown, but at the date of her last previous statement, rendered some two months prior thereto, there appeared but a little over $300 cash on hand; and no sales of property had been made thereafter. These figures are given in round numbers, but they are, we think, in every instance within the limits shown by the evidence. In fact, the only real attack upon this showing by respondents is the claim that the item of 58,000 shares in the Flores Hale Company, above referred to, found to be an asset of the estate, should be included in estimating the value of the property, and which they claim was shown to be worth from $100 to $200 per share. But there is no proper basis for this claim. While the court finds this stock to be one of the assets, it *ex industria* failed to place any value upon it; nor was there any competent evidence from which such value could be ascertained. The property of the company is situated wholly in Mexico, and the stock has never paid any dividends, nor has it any market value; it was returned unvalued in the inventory, and there the finding of the court properly left it. Even if the vague estimate of the witnesses as to its possible value could be regarded for any purpose, its consideration was for the court below, and it has ignored it.

We have, then, an estate valued at $462,000, with an admitted present indebtedness, including interest, of over $250,000, an undetermined demand for $160,000 and a probable additional expense of $24,000, found to be the probable expense of closing the estate, aggregating a possible indebtedness of considerably over $400,000. This statement leaves no necessity for argument to show that the finding that the estate is but little indebted is not supported by the evidence. In estimating the indebtedness for the purposes of this order, the court could not ignore and leave out of account the undetermined demand of $160,000

while it still remained a possibility, however improbable its recovery may have appeared, since obviously the court could not definitely say that it would not eventually be established. But, independently of this consideration, the amount of the fixed obligations shown, considering the value of the assets and the condition of the estate generally, wholly negative the finding. It is true, as said in *Estate of Crocker*, 105 Cal. 368, that the requirement of the statute that the estate shall be but little indebted is to be construed relatively and not absolutely, and "merely refers to a condition of things in which the debts are small when considered in connection with the value of the estate." But, whether this requirement of the statute be construed relatively or absolutely, the condition shown to exist in this estate does not bring it within the statute.

Nor can it be truly said under the evidence that this order can be sustained without injury to the creditors of the estate. It does not follow that the latter will not be injured because there may remain assets sufficient to meet their demands at some possible future time. Where claims have been established creditors have a right primarily to have them first paid before the property is taken by the devisees or heirs; and, if the distribution of property to the latter is to result in postponing or deferring such payment indefinitely, the creditors are thereby injured. The statute expressly contemplates that it is only where the distribution will not injuriously interfere with the ability of the estate to meet the demands of creditors that it may be had. Here the evidence shows beyond question that to take the money necessary to pay respondents, at this time, will not only necessarily deprive the administratrix of the means to pay the accruing interest on the allowed demands and the current expenses of administration, but will in all probability greatly embarrass the estate by requiring a sacrifice of its property at forced sale. Such a result is not within the purposes of the statute. It in no way aids respondents' position that the payment to them is ordered to be made only out of funds derived from the income of property upon which their annuities are primarily made a charge. That property is as much chargeable with the debts and other obligations of the estate as any other, if it shall be

necessary to resort thereto for such purpose, and the evidence does not show that such resort will not be required.

2. There is but one other objection which we deem it necessary at this time to notice. The court below very clearly erred in dispensing with the necessity of a bond by the respondents to answer for their proportion of the debts of the estate. The only circumstances under which the giving of such bond may be excused upon a partial distribution is where it appears that the time for presenting claims against the estate has expired, "and all claims that have been allowed have been paid, or are secured by mortgage upon real estate sufficient to pay them, and the court is satisfied that no injury can result to the estate." (Code Civ. Proc., sec. 1663.) The evidence here, as we have seen, shows that a large proportion of the demands were unsecured by mortgage or otherwise, and that such unsecured demands had not been paid. The case was, therefore, not one in which the court was authorized to dispense with the requirement of a bond.

For these reasons the order must be reversed, and it is so ordered.

Harrison, J., and Garoutte, J., concurred.