[Civ. No. 8525.   First Appellate District, Division One.—September 19, 1932.]

In the Matter of the Estate of FRANCES LEONI DAM, Deceased.   ARTHUR KING DAM et al., Respondents, v. FRANCIS HERBERT DAM, Appellant.

Francis Herbert Dam, *in pro. per.*, for Appellant.

Brobeck, Phleger & Harrison, Kenneth Ferguson and Moses Lasky for Respondents.

THOMPSON (GEORGE H.), J., *pro tem.*—This is an appeal by Francis Herbert Dam as an heir at law of the above-named decedent and also as residuary devisee and legatee under the last will of said decedent, from the decree of partial distribution made September 22, 1931, in the matter of said estate. The appeal has been taken on the judgment-roll alone (that is, on the clerk's transcript of the record in his office pertinent to said distribution and constituting the judgment-roll in such matter), and without a bill of exceptions or the transcript in lieu of a bill of exceptions under section 953a of the Code of Civil Procedure. The clerk's transcript contains a copy of the following, viz.: (1) Petition for partial distribution filed September 8, 1931; (2) Order of the clerk indorsed thereon setting the hearing for September 22, 1931, 10 o'clock A. M.; (3) Clerk's ten-day notice dated September 8, 1931, posted on the same day pursuant to section 1200 of the Probate Code, to all persons interested in the estate of the deceased; (4) Affidavit of the deputy county clerk made September 10, 1931, annexed to said notice setting forth that on September 8, 1931, he posted a correct and true copy of the notice at the courthouse in the county, etc.; (5) Decree of

partial distribution made on September 22, 1931, and filed on the same day; (6) Notice of appeal; and to the said transcript the clerk has certified: "That the foregoing, to-wit, the petition for partial distribution, the affidavit of posting notice of hearing thereof and the annexed notice, and the decree of partial distribution, constitute the judgment roll in my office in the appeal taken in and by the foregoing notice of appeal (under decision in *Estate of Broome*, 169 Cal. 604 [147 Pac. 270]) ; that no opposition to said petition, no counter petition, no paper or papers in the nature of pleadings, notices, affidavits, or findings of the court, and no order or paper of like character to those mentioned in section 670 of the Code of Civil Procedure of California, relating to said petition or said proceeding for partial distribution, other than the foregoing, has or have been filed in my office; and that the foregoing papers, and the endorsements thereon, are full, true and correct copies of the originals thereof on file in my office."

It appears that the petition for partial distribution was filed September 8, 1931,—which was after the Probate Code became effective; and that seven petitioners, one of whom, Cora Dam Ferguson, was a coexecutrix, joined in the petition, and that on the hearing, distribution was made to the seven petitioners as prayed for in the petition.

The decree, in addition to making distribution as prayed, determines and sets forth, among other things, the following facts concerning said petition and the matters heard and considered: " . . . and the same now coming on this day duly and regularly to be heard, from the proofs taken and examination had therein this court finds as follows: That notice of this hearing has been given as required by the order of this court and by law, and that said notice is in all respects due, proper and sufficient; That the above named Frances Leoni Dam died on February 15, 1930, and that she was at the time of her death a resident of the County of Alameda, State of California, and left estate therein and elsewhere; That thereafter such proceedings were duly taken and had in and by the above entitled court in the above entitled matter that by an order and judgment of said court duly given and made on April 21, 1930 [1931], the will of said Frances Leoni Dam, deceased, was duly admitted to probate, with Etta Pearl Dam and Cora Dam Ferguson

as executrices; That thereafter said Etta Pearl Dam and Cora Dam Ferguson duly qualified as such executrices and on said 21st day of April, 1931, letters testamentary upon the will of said deceased were duly issued to them; that thereupon they immediately entered upon the discharge of their duties as such executrices and they ever since have been and now are the duly appointed, qualified and acting executrices of the will of said deceased. . . . That more than four months have elapsed since the will of said decedent was admitted to probate and letters testamentary thereon issued to said executrices as aforesaid; that the time for presentation of claims against the estate of said decedent has expired; that there is ample property in the hands of said executrices to pay any and all debts of said deceased, expenses of administration, taxes and to satisfy all other claims against said estate; and that a partial distribution of the assets of said estate as hereinafter set forth can at this time be made to said petitioners without loss to any creditor or creditors of said deceased or of her estate. . . . And, good cause appearing therefor, it is further ordered, adjudged and decreed that no bond be required of said persons, or any of them, and that bond is hereby dispensed with. . . . ''

The appeal taken constitutes a direct attack on the said decree, and requires an answer as to whether or not want of jurisdiction or error or irregularity compelling reversal is shown by the judgment-roll herein. Sections 1000 and 1200 of the Probate Code—which became effective August 14, 1931—prescribe what must be done to acquire jurisdiction. These sections obviously must be construed together. If on appeal from a probate decree such as this and under such a situation as is presented herein, the said sections 1000 and 1200 of the Probate Code must be construed as meaning that jurisdiction for the decree can be shown and supported in no way other than by the actual presence in the judgment-roll of affidavits showing affirmatively the taking of all the steps that constitute all the notice prescribed by these sections, i. e., the posting of the ten-day notice and the mailing of the copies thereof to the different persons mentioned and the service of citation on the executor, etc., and that under the situation presented by an appeal taken on the judgment-roll as here, the re-

viewing court must entirely ignore and disregard, when inspecting the judgment-roll, all presumptions incident to the judgment and all recitals and findings in the judgment and decree concerning the services of the prescribed notice and the acquiring of jurisdiction by the court, then, of course, in this case under such view, manifestly, it could not be held that the law has been complied with or that jurisdiction has been shown; for there appears in the judgment-roll but one affidavit, namely, that of the clerk that the ten-day notice of the hearing was duly posted. But we do not think that the meaning of said sections 1000 and 1200 of the Probate Code as applied to the present situation is so restricted. (In the case of *Vail* v. *Jones*, 209 Cal. 251, 254 [287 Pac. 99], wherein the trial court upon evidence not appearing in the judgment-roll by affidavit as prescribed by sections 411, 415 and 670 of the Code of Civil Procedure, found that "Annie H. Vail was in fact served with summons attached to a copy of the complaint in said action", the Supreme Court apparently giving effect to such parol evidence and to the presumptions of service arising from the recitals of the judgment in the record attacked and under the view that jurisdiction does not depend upon the proof of service, but upon the fact that service has been made, declined to disturb the finding of the trial court.) Section 1200 of the Probate Code, as to the notices therein mentioned, provides that "Proof of the giving of notice must be made at the hearing." What shape must that proof take? Must it all be in the form of affidavit so that under section 670 of the Code of Civil Procedure it may be incorporated into the judgment-roll? As heretofore mentioned, sections 1200 and 1000 of the Probate Code obviously must be construed together. At the hearing on September 22, 1931, on the petition, the court was required to hear and consider evidence bearing on various matters, i. e., bearing on the terms of the will and on the condition of the estate, etc., pertinent to the distribution asked for, in addition to the primary matters of notice and of jurisdiction. What that evidence was we do not know, for it has not been brought up by bill of exceptions. It must, however, be presumed that the evidence was competent and that it warranted any finding thereon made by the court within the scope and issues of the petition. (*Will-*

*iams* v. *Savings & Loan Soc.*, 133 Cal. 360 [65 Pac. 822]; *Lane* v. *Tanner*, 156 Cal. 135 [103 Pac. 846]; *Morgan* v. *Morgan*, 190 Cal. 522 [213 Pac. 993].) It does not appear on the face of the decree what notice or proof of service formed the basis of the recital that "the same now coming on this day duly and regularly to be heard, from the proofs taken and examination had therein this court finds as follows: That notice of the hearing has been given as required by the order of this court and by law, and that said notice is in all respects due, proper and sufficient", but it is declared generally in the recital that the determination was based on "the proofs taken and examination had". The statute required proof that the notice was duly posted at the courthouse. Such proof appears by the clerk's affidavit; but that affidavit goes only to a part of what had to be done; on its face it purports only to be a showing that the ten-day notice was duly posted, and is not contrary to or inconsistent with the finding of the court made from the proofs taken and examination had "that notice of the hearing has been given as required by the order of this court and by law, and that said notice is in all respects due, proper and sufficient". Moreover, the recital that the matter came on "regularly to be heard" must be presumed to be true, in the absence of anything inconsistent or to the contrary in the record. (*Estate of Espinosa*, 179 Cal. 189 [175 Pac. 896]; *Estate of Schulmeyer*, 171 Cal. 340 [153 Pac. 233].) The finding of the court does no violence to the facts presented by the clerk's affidavit, for it is not contradictory of anything in the affidavit. (*Canadian etc. Co.* v. *Clarita etc. Co.*, 140 Cal. 672 [74 Pac. 301]; *County Bank* v. *Jack*, 148 Cal. 437 [113 Am. St. Rep. 285, 83 Pac. 705].) Where there is nothing in the judgment-roll inconsistent with the findings by the court of due service, it must be presumed on appeal in support of the judgment that the finding was based upon a service made in pursuance of the statute. (*LaFetra* v. *Gleason*, 101 Cal. 246 [35 Pac. 765].) The affidavit in the judgment-roll establishes that the ten-day notice was posted by the clerk as required by sections 1200 and 1000 of the Probate Code. That was a notice to "all persons interested in the estate of said deceased", and constituted what is commonly called a notice *in rem*. With such a notice admittedly duly given, it would seem that

further requirement that copies should be mailed, etc., and that citation should be served, etc., was "an extra protection provided by the statute". (*San Francisco Protestant Orphan Asylum* v. *Superior Court*, 116 Cal. 443, 453 [48 Pac. 379, 382].) ██ There is no showing by affidavit in the judgment-roll that copies of the notice were mailed or that citation was served on anyone or that anything else mentioned in sections 1200 and 1000 of the Probate Code was done; there is no affidavit showing that any such other proof was made, neither is there any affidavit showing that it was not made. Consequently as against such silence, it would seem that the recitals of the judgment finding that "said notice is in all respects due, proper and sufficient" must be accepted as true and that it must be held that the record sustains the jurisdiction of the lower court even on this direct attack by appeal, for the judgment and its recitals will be presumed to be correct upon appeal unless the contrary is made to appear. (*Catanich* v. *Hayes*, 52 Cal. 338.) Every intendment and presumption not contradicted by nor inconsistent with the record on appeal must be indulged in in favor of the judgment. (*Kovacevich* v. *Fischer Motor Body Co.*, 94 Cal. App. 405 [271 Pac. 351]; *Throop* v. *Weaver*, 180 Cal. 335 [181 Pac. 55].)

Prior to August 14, 1931, the requirement as to notice on petition for partial distribution was as follows: "Notice of the application must be given to the executor or administrator, personally, and to all persons interested in the estate, in the same manner that notice is required to be given of the settlement of the account of an executor or administrator." (Sec. 1659, Code Civ. Proc.)

Under the Probate Code, the requirement as to notice is set forth in sections 1000 and 1200; and section 1000 contains the following language: "The clerk shall set the petition for hearing by the court and give notice thereof for the period in the manner required by section 1200 of this code, and to executor or administrator by citation."

██ Section 1710 of the Code of Civil Procedure provided that "When personal notice is required, and no mode of giving it is prescribed in this title, it must be given by citation"; and in *Spencer* v. *Houghton*, 68 Cal. 82 [8 Pac. 679], that section was construed to mean that where actual service is directed to be made on the party personally and

not by publication, it must be made by citation. The language of said section 1710 of the Code of Civil Procedure has been re-incorporated in section 1206 of the Probate Code. Sections 1206 and 1207 of the Probate Code contain substantially all the provisions of the Code of Civil Procedure that had to do with citations. The law is now and for many years has been that a citation "must be served in the same manner as a summons in a civil action", that is, as provided in section 411 of the Code of Civil Procedure. The sections of the Code of Civil Procedure that dealt with citations contained nothing concerning the proof of service of citation and how made, and the Probate Code contains nothing concerning such proof. In section 415 of the Code of Civil Procedure, it is expressly provided how the proof of service of summons shall be made. Can it therefore be said that the proof of service of citation is restricted to the method set forth in section 415 of the Code of Civil Procedure for the service of summons? In the early days of California when in the probate of wills citations were directed to be issued to the heirs of the testator resident in the county, it appears that the probate court proceeded to hear the testimony in proof of the will, at the time appointed or at any time to which the hearing was continued, upon proof being made, *by affidavit or otherwise to the satisfaction of the court,* that notice had been given as required. (Belknap's Probate, p. 39, sec. 17.) Hence it would appear that in such matters parol testimony as to the service of citation and notice was admitted and considered competent under the law and that the rigid rule as in the case of summons that proof could be not otherwise than by affidavit, was not applied. Judge Temple in dealing with the status of the citation in probate matters in California, says: "But I think the statute shows on its face that no provision in regard to summons applies to citations. Everything in regard to citations is provided for in title XI. Section 1707 states what it must contain; section 1708 provides for its issuance; section 1709 that it shall be served in the same manner as a summons. This would be unnecessary if the provisions as to the summons applied, and on that supposition no operation can be given this section. . . . As a rule, its functions are very unlike those of a summons. It is simply a notice, which may be molded to

78

suit the occasion, and not a process which a party may sue out or not. . . . The office of the citation . . . was not like that of a summons, to give the court jurisdiction. It was an extra protection provided by the statute. . . . " (*San Francisco Protestant Orphan Asylum* v. *Superior Court, supra,* at p. 451.)

It not appearing that any law prohibits the making of proof of mailing notices and of service of citations other than by affidavit, and no such law being called to the attention of the court, it would seem that the situation presented here under the judgment-roll is in this particular much the same as that appearing in *Estate of Twombley,* 120 Cal. 350, 382 [52 Pac. 515], wherein the court as against the contention that the judgment-roll should show affirmatively that the notice of probate was served either by mail or personally, held that the statute did not require that fact to appear of record, the requirement being simply that the proof "must be made at the hearing". If as restricted to the matter of the mailing of the copies of the notice, etc., and the matter of the service of the citation, a like construction is to be given the words "Proof of the giving of notice must be made at the hearing" (sec. 1200, Probate Code), the judgment-roll would seem to sustain the decree in this particular.

█ It is further contended that the petition is insufficient in its statement of facts to authorize either the distribution made or the dispensing with the bond. While the allegations are general we do not think that for that reason they are insufficient. We think that the allegations of the petition were sufficient under the demands of section 1001 of the Probate Code to invoke and warrant the action of the court. An intelligible statement of an existing substantial right, which the court has jurisdiction to enforce, is a sufficient allegation of all matter necessary to sustain a judgment. (*Estate of Murphy,* 145 Cal. 464 [78 Pac. 960].) █ Section 1001 of the Probate Code states that "When the time for filing or presenting claims has expired, and all valid claims have been paid or are sufficiently secured by mortgage, and the court is satisfied that no injury can result to the estate, the court may dispense with the bond." Reciting "good cause appearing therefor", the court dispensed with the bond. We must assume in the

absence of a bill of exceptions that the evidence measured up to the requirements of the statute and that the court was satisfied that no injury could result to the estate and that such constituted the ''good cause'' that was made to appear. ■ Orders and decrees in probate proceedings need not recite the existence of facts or the performance of acts upon which the jurisdiction of the court or judge may depend. (Sec. 1220, Probate Code.)

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 19, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 17, 1932.