[Civ. No. 17281. Second Dist., Div. Three. Oct. 19, 1949.]

Estate of WILLIAM C. FIELDS, Deceased. ADEL C. SMITH et al., Respondents, v. HARRIET V. FIELDS, Appellant.

George A. Bisbee, Ernest A. Tolin and Wendell H. Davis for Appellant.

John W. Preston and John W. Preston, Jr., for Respondents.

VALLÉE, J.—Appeal from an order of partial distribution. The will of W. C. Fields bequeathed $5,000 each to his sister and brother. They petitioned for distribution of the

legacies. The widow of Fields appeals from the order distributing the legacies to them.

The verified petition for partial distribution alleged these facts: All claims against the estate have been paid except a contingent claim of the widow in the amount of $241,000. (See *Fields* v. *Michael,* 91 Cal.App.2d 443 [205 P.2d 402].) The inventory and appraisement shows the value of the estate to be about $800,000. After the payment of all allowed claims there will be left about $550,000. All of the assets of the estate are in cash or other liquid assets. The will bequeathed $5,000 each to decedent's sister and brother. No part of these legacies has been paid. The State Controller has consented to their distribution. The other legacies bequeathed by the will are set forth. The claim of the widow is being contested. If her claim is valid, there will be more in the estate than will be required for the payment of specific legacies. More than two-thirds of the estate is separate property of decedent and as such is not liable for the payment of the claim of the widow.

The executrix answered the petition. She alleged that the value of the estate was $727,373.75, and that the widow had filed a claim in the amount of $241,225 which had been rejected and suit brought thereon. The widow appeared at the hearing of the petition and opposed the making of partial distribution.

The appeal is presented on the clerk's transcript. No transcript of the oral proceedings has been filed. A statement appears in the record to the effect that a reporter was not present at the hearing.

The court found the facts generally as alleged in the petition. It found that: W. C. Fields died December 25, 1946; the value of the estate left by the decedent in California before estate taxes was $771,429.38; the time for filing claims had expired before the filing of the petition for partial distribution; all claims against the estate have been paid in full except a claim of the widow "for an undetermined amount of money and for $241,225.00"; after payment of all allowed claims, the executrix' estimate of inheritance taxes, and personal property taxes, the estate consists of cash and personal property of the value of $556,996.82; the indebtedness of the estate cannot be determined at this time, but in no event will the indebtedness to the widow exceed $241,225; the legacies to the decedent's sister and brother of $5,000 each may be paid without loss to the creditors of the estate, "except the

creditor Harriet V. Fields, [the widow] the amount of whose claim cannot at this time be determined," upon the giving by each petitioner of a bond in the sum of $5,000 "if given by a surety company authorized to furnish such bond, otherwise each of said bonds to be in the sum of Ten Thousand Dollars ($10,000.00)." In the order for partial distribution made December 6, 1948, the court further found that the estate "is but little indebted, save and excepting the claim" of the widow for $241,225, and that the shares of the petitioners may be allowed to them without loss to the creditors of the estate. The order provided for distribution upon the giving of bond.

Appellant contends: (1) the findings of the probate court do not justify the conclusions of law or the order appealed from; (2) the findings are in conflict with the evidence; (3) the showing made in the probate court was not sufficient upon which to base findings supporting an order of partial distribution.

Probate Code, section 1001, in part, provides: "If, at the hearing, [of a petition for partial distribution] it appears that the estate is but little indebted . . . and the legacy, . . . may be distributed to the person entitled thereto, without loss to the creditors or injury to the estate or any person interested therein, the court shall make an order requiring the executor or administrator to deliver the legacy, . . . to the person entitled thereto, . . ." The only evidence to be found in the record, which no doubt was before the probate court at the hearing, is in the clerk's transcript and consists of: the will of decedent, the order admitting the will to probate and for letters testamentary, the inventory and appraisement, the claim of the widow, the first account current and report of the executrix filed July 12, 1948. ■ Appellant says that findings that the estate is but little indebted and that distribution may be made without loss to the creditors or injury to the estate or any person interested therein, are prerequisites to an order of partial distribution and that the court did not so find. The statement of the law is correct. (11B Cal.Jur. § 1217, p. 691.) The contention, however, is without merit. The court in the order expressly made these findings. The findings of fact in the order are to be considered as part of the formal findings of fact. (*Estate of Dam,* 126 Cal.App. 70, 72, 76 [14 P.2d 162].) ■ In the absence of any evidence to the contrary, we cannot say that the findings are unsupported. They appear to be supported by the docu-

ments we have listed found in the clerk's transcript. ▮ It is argued that the findings are contradictory because of the statement that the legacies may be paid "without loss to the creditors of said estate except the" widow. It appears that the statement of the exception was an inadvertence. The specific facts found in the findings of fact, together with the finding in the order that the legacies may be paid without loss to the creditors, negative the exception. All presumptions are in favor of the findings. They must be read and considered together as a whole to ascertain the intention of the court. They are presumed to be supported by the evidence and are to receive, if possible, such a construction as will uphold rather than defeat the order. They are to be liberally construed and, if possible, any ambiguity or uncertainty will be resolved in favor of sustaining the order. They are to be harmonized and reconciled so as to prevent any conflict upon material points. An order may not be set aside unless the conflict in the findings is clear and incapable of being reconciled. (*Costello* v. *Bowen,* 80 Cal.App.2d 621 [182 P.2d 615] ; *Shank* v. *Blackburn,* 53 Cal.App. 620, 624 [200 P. 762].) We have no difficulty in this case in reconciling the findings to support the order. ▮ The fact that the amount of the claim is large does not negative the fact that the estate is little indebted. An estate is little indebted when the amount of the estate, over and above the debts, is sufficient to allow the distribution to be made without danger to creditors. (*Estate of Hinkel,* 176 Cal. 563, 567 [169 P. 70].)

▮ The claim that the findings conflict with the evidence cannot be sustained. Appellant's contention is that in her claim she requested an accounting, whereas the court found that in no event will the indebtedness to her exceed $241,225. We do not find any request for an accounting in the claim. It specifically states that it is for $241,225. There is language in the claim to the effect that the decedent may have made gifts of community property in addition to items specified and if claimant ascertains that he did, the executrix pay her one-half the value thereof. There is no showing that the estate's indebtedness to the widow will exceed $241,225.

*In re Painter,* 115 Cal. 635 [47 P. 700], *Estate of Hale,* 121 Cal. 125 [53 P. 429], and *Estate of Dutard,* 147 Cal. 253 [81 P. 519], relied upon by appellant, are not analogous. In *Painter* an order denying partial distribution was reversed because the probate court had not heard evidence on the petition but had heard the opposition, and then had denied

the petition. In *Hale* an order granting partial distribution was reversed because the evidence, which was without conflict, did not support the findings and because the probate court had not required a bond. In *Dutard* an order granting partial distribution was affirmed.

 As far as appears from the record, the bond required will secure the estate and provide against any error of judgment. The probate court has broad discretion in passing upon a petition for partial distribution. In the absence of a clear showing of abuse of discretion, its conclusion that the condition of the estate is such that the distribution can safely be made upon the giving of bond should not be disturbed. (*Cf., In re Painter*, 115 Cal. 635, 640 [47 P. 700].)

Prior to the filing of appellant's opening brief, respondents filed a motion to affirm the order. As the motion is now moot, it is not necessary to decide it.

Order affirmed, respondents to recover their costs on appeal.

Wood, J., concurred.

SHINN, P. J.—I concur. The findings were sufficient to show the nature and value of the estate and its condition with relation to indebtedness. The widow has a claim of some $241,000 as the value of her interest in community property which she alleges decedent gave away without her consent. She also asserts a claim that all the remaining property is community property. Both of these claims are disputed. If they are established in full the widow will take everything that is left after the taxes, debts and expenses of administration are paid. Upon the other hand, after the claims of the widow are adjudicated and settled, there may be sufficient estate left for payment of the legacies. The court should take a broad view of this situation and of the powers of the probate court in such matters. The law should not be given a narrow, technical application. The widow is not the only one who has rights in the matter. The legatees are entitled to be paid if that can be done without prejudice to the rights of the widow. If there is uncertainty on that point the uncertainty does not have to be resolved in favor of the widow. The court was not required to assume that her claims will be established to such an extent that she will take the entire estate. The litigation may continue for years and the final result may show that there was no necessity to defer payment of the legacies. The law does not require that all uncertainties as to the indebtedness of the estate be resolved before there can be a

partial distribution. Oftentimes that cannot be done by the court in probate. It sometimes happens that claims are asserted against an estate in a sufficient amount to wipe it out entirely. The claims may be good or they may be spurious. The court should be accorded a wide discretion in such situations and I think the law was framed to that end. If there must be absolute certainty as to the amount of the indebtedness of the estate before a partial distribution may be had, a bond would serve no purpose. It would be folly to refuse to order partial distribution upon the giving of bonds until the estate was in such condition that bonds were unnecessary. I think the provision for the giving of bonds was intended to meet situations (among others) where there are contingent or uncertain liabilities which will probably be the subject of protracted litigation. I grant that the widow should not have to bring suit upon the bonds of the distributees in order to enforce her rights, but who can say that she will have to sue on the bonds? The trial court was confronted by that possibility and also by the prospect that a refusal to order the legacies paid might result in serious inconvenience or injustice to the legatees. Appellant does not want to be placed in a position where she will have to sue on the bonds. I do not think the court was required to protect her against that possibility, where to do so would in all probability postpone payment of the legacies for years. It was a proper case for an order for payment of the legacies upon the giving of bonds.

A petition for a rehearing was denied November 7, 1949.