[Sac. No. 983.   Department Two.—November 5, 1903.]

## S. D. WOODS et al., Appellants, *v.* M. DIEPENBROCK et al., Respondents.

DISMISSAL OF ACTION—APPEAL UPON JUDGMENT-ROLL—PRESUMPTION— WANT OF PROSECUTION.—Upon appeal from a judgment dismissing an action taken upon the judgment-roll alone, without any bill of exceptions, every intendment is in favor of the judgment; and in the absence of any affirmative showing to the contrary, it will be presumed that the dismissal was ordered on some good ground, and in conformity with the rules of law. Where the record permits, a reasonable inference will be indulged that the dismissal was for failure to prosecute the action with reasonable diligence.

APPEAL from a judgment of the Superior Court of San Joaquin County. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

Woods & Levinsky, and Bruner & Bros., for Appellants.

R. Platnauer, and A. L. Shinn, for Respondents.

LORIGAN, J.—This is an appeal from a judgment dismissing the action, and is taken upon the judgment-roll alone. There is no bill of exceptions; hence we are not advised upon which particular ground the lower court ordered the dismissal. The judgment recites that "The court, after hearing the evidence adduced . . . and good cause appearing therefor, it is ordered that said motion be and the same is hereby granted."

Upon appeal every intendment is in favor of the validity of the judgment appealed from, and it is incumbent upon the party assailing it to show affirmatively that it is erroneous. Nothing towards that end appears in the record.

The superior court has power to dismiss an action upon several grounds (Code Civ. Proc., sec. 581), and it will be presumed, in the absence of any showing to the contrary, that the dismissal was ordered on some good ground, and that in ordering it the court properly exercised its power in conformity with the rules of law. (*Pardy* v. *Montgomery*, 77

Cal. 326.) One of the grounds upon which the lower court is authorized to dismiss an action is for failure to prosecute it with reasonable diligence, and from the record in this case a reasonable inference can be indulged in that it was for this reason the action was dismissed.

The judgment appealed from is affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.