[S. F. No. 3850.   Department Two.—January 18, 1907.]

E. MYRON WOLF, Appellant, v. BOARD OF SUPER-
VISORS OF SANTA CLARA COUNTY, Respondents.

PRELIMINARY INJUNCTION—POWER OF COURT TO MODIFY SUA SPONTE.—
    It seems, on principle and authority, that the court which has
    granted a preliminary injunction *ex parte* which by its terms is to
    continue until further order of the court, may dissolve or modify
    it of its own motion whenever it becomes satisfied that the order
    was improvidently or erroneously made.

ID.—CONSTRUCTION OF CODE—QUESTION NOT DETERMINED—POWER TO
MODIFY UNDER STIPULATION.—The question raised whether section
532 of the Code of Civil Procedure, providing for dissolution or
modification of an *ex parte* injunction upon notice before trial,
excludes the power of the court to act upon its motion, is not
definitely determined, it being the clear effect of a stipulation upon
the hearing of the case that "the entire matter should be submitted
as a whole, pleadings, motions, orders, and the evidence." Thus
the court has power to modify the injunction order after such
submission before the final decision of the case.

APPEAL from an order of the Superior Court of Santa
Clara County modifying a preliminary injunction. S. F.
Lieb, Judge.

The facts are stated in the opinion of the court.

E. Myron Wolf, Appellant *in pro. per.*

J. H. Campbell, District Attorney, and C. W. Cobb, for
Respondent.

McFARLAND, J.—This is an appeal by plaintiff from an
order of the superior court modifying a preliminary in-
junction.

The material facts are these: It is averred in the com-
plaint that the defendants, the board of supervisors, received
bids for two proposed electric railroad franchises—the pre-
liminary proceedings leading up thereto having been regular
and in accordance with the statute on the subject; that
plaintiff was the highest bidder, and one Dunlap, who was the
only other bidder, the lowest bidder in each case; that the
said board accepted each of Dunlap's bids, and refused to
accept either of the plaintiff's bids; that they refused to pass
any ordinance awarding said franchises to plaintiff, and
threatened to pass an ordinance awarding the same to Dun-
lap. The prayer of the complaint is that the board "be
enjoined and forbidden from passing any ordinance or ordi-
nances granting said petitions for franchises privileges to the
said George T. Dunlap, and that they be required to desist
from refusing to pass ordinances to grant said franchises and
bar privileges to the plaintiff herein, and for such other and
further relief," etc. The supervisors filed a demurrer to the

complaint, and also an answer in which they denied that they intend to grant the said franchises to said Dunlap, or to any other person, but have determined that they will not award said franchises to any person because the bids are not at all commensurate with the value of the franchises, and intend to readvertise said franchises for sale, etc.  To this answer the plaintiff filed a demurrer.  Neither of said demurrers has been decided by the court.  After the filing of the complaint the court made the following preliminary order: "It is hereby ordered that until further order of this court, said defendants, their agents, and servants, be restrained, and said defendants are hereby, and each of them is, and their agents and servants are, and each of them is, hereby forbidden and restrained from passing any ordinance or ordinances, granting the petition of George T. Dunlap for the franchises and privileges mentioned in the complaint of plaintiff on file herein, and from refusing to pass the ordinance necessary to grant said franchises and privileges to E. Myron Wolf, the plaintiff herein."  The bill of exceptions contains the following: "That thereafter the said cause came on regularly for hearing upon the demurrer and trial of the cause," and, "It was then, there and in open court, stipulated and agreed by and between the said parties, that the entire matter should be submitted to the court as a whole, pleadings, motions, orders, and the evidence—and out of and from the same the court should deduce and declare what the rights, respectively, of the parties hereto might be," and that, "Defendants' demurrer was argued and evidence was then taken and the cause was duly submitted to the court for its decision."  After this submission, but before having finally decided the· case, the court made the following order: "It is ordered that the following words, clause and matter, to wit: 'and from refusing to pass the ordinances necessary to grant said franchises and privileges to E. Myron Wolf, the plaintiff herein' be and the same are hereby stricken from the writ of injunction heretofore issued herein, and said writ of injunction is modified to the extent of striking out said words, clause and matter therefrom, and said injunction is to that extent, alone, dissolved."  This is the order appealed from.

The sole ground upon which appellant claims a reversal is the contention that the court has no jurisdiction to make

the said order on its own motion, because, as appellant contends, after a court has granted a preliminary injunction it can be dissolved or modified only under section 532 of the Code of Civil Procedure, which provides that, "If an injunction be granted without notice, the defendant at any time before the trial may apply, upon reasonable notice to the judge who granted the injunction, or to the court in which the action . is brought, to dissolve or modify the same." Whether this action is to be construed as merely giving to a defendant the right to, himself, move to dissolve or modify a preliminary injunction, and not touching the power of the court to dissolve or modify without any motion of defendant, or whether, as contended by appellant, it excludes all right of the court to so dissolve or modify except upon motion of defendant, is a question which, under our view, need not here be definitely determined. It may be said, however, that while our attention has not been called to any decision of this court on the subject, there are strong reasons for holding that an *ex parte* order not in its nature permanent, and, as expressed on its face, to continue only "until further order of this court," may be dissolved or modified by the court on its own motion whenever it becomes satisfied that the order was improvidently or erroneously made. And this has been held to be the law in other jurisdictions. We will notice one leading case. In *Conover* v. *Ruckman*, 33 N. J. Eq. 303, the vice-chancellor had "of his own motion" dissolved a preliminary injunction, and the plaintiff had appealed. It seems that section 120 of the statutes of New Jersey contained a provision very similar to section 532 of the Code of Civil Procedure, relied on by appellant. The appellate court in the New Jersey case said: "The appellant assigned, as one reason for reversal, that the order dissolving the injunction was irregular, in that it was made without the eight days' notice of a motion to dissolve, prescribed by the eighty-sixth section of the chancery act. (Rev. 120.) This reason cannot prevail. If the equity judge has allowed an interlocutory injunction which afterwards clearly appears to him to have been improperly allowed, he may, of his own motion, recall it at any time. Inasmuch as it was in his discretion, in the first instance, to refuse the injunction, he may, in his discretion, set aside the allowance of it if he is satisfied that it should not have been

allowed.   The section referred to has reference to applications to dissolve made by a party.''

But while we are inclined to agree with the court in the case above cited, we are of the opinion that the part of the bill of exceptions above quoted leaves no room, in the case at bar, for the said contention of appellant.   It is there stipulated that ''the entire matter should be submitted to the court as a whole—pleadings, motions, orders, and the evidence.'' This was a clear submission by the parties of all matters involved in the case, including among the ''orders'' the one granting the preliminary injunction.

The order appealed from is affirmed.

Henshaw, J., and Lorigan, J., concurred.