[Civ. No. 1601. Second Appellate District.—July 30, 1914.]

## COLUMBIA CRUDE OIL COMPANY (a Corporation), Respondent, v. W. S. DEYO, Appellant.

APPEAL—ORDER DENYING MOTION TO RECALL EXECUTION—INSUFFICIENCY OF RECORD—DISMISSAL.—An appeal from an order denying a motion to recall and quash an execution, and from an order denying an application for an injunction restraining the sheriff from further proceedings under the execution, will be dismissed, if in lieu of a bill of exceptions settled by the court and exhibiting the alleged errors of the court in the proceedings, the appellant has incorporated in a typewritten copy thereof certain affidavits, telegrams, and letters, certified by the clerk to be true copies of such original documents on file in his office, and it does not appear that these documents were presented to the court or considered upon the hearing of the motions, or, assuming they were so offered and received, that other evidence was not offered and considered.

ID.—ABSENCE OF BILL OF EXCEPTIONS—AUTHENTICATION OF TRANSCRIPT. When a bill of exceptions is not adopted as a means for presenting the record on an appeal from such orders, the party appealing must, in having the record authenticated, comply with the provisions of section 953a of the Code of Civil Procedure, under which he must request a transcript of the evidence offered or received, to be settled and signed by the judge, after notice as therein provided.

MOTION to dismiss an appeal from the Superior Court of Los Angeles County.  John W. Shenk, Judge.

The facts are stated in the opinion of the court.

A. C. Routhe, for Appellant.

Rupert B. Turnbull, for Respondent.

SHAW, J.—Motion to dismiss appeal from: 1. An order of the trial court denying defendant's motion to recall and quash an execution; and, 2. An order denying defendant's application for an injunction directed to the sheriff, restraining him from further proceedings under the execution so issued upon a judgment rendered in favor of the plaintiff in the action.

The motion is made upon the ground of the insufficiency of the record presented in support of the appeal.

In lieu of a bill of exceptions settled by the court and exhibiting the alleged errors of the trial court in the proceed-

ings, appellant has incorporated in a typewritten copy thereof certain affidavits, telegrams, and letters, certified by the clerk to be true copies of such original documents on file in his office. It does not appear that these documents were presented to the court, or considered upon the hearing of the motions so by the court denied. Nor, assuming they were so offered and received, is there anything in the record showing that other evidence was not offered and considered.

When a bill of exceptions is not adopted as a means for presenting the record on an appeal from such orders as those here involved, the party appealing must, in having the record authenticated, comply with the provisions of section 953a of the Code of Civil Procedure, under which he must request a transcript of the evidence offered or received, to be settled and signed by the judge, after notice as therein provided. No attempt, apparently, was made to follow the provisions of the statute in having the record so authenticated.

So far as shown by the record, no evidence was offered or received in support of the motions on which the orders of denial were made, and the purported record is not authenticated in the manner required by law, without which this court cannot consider the same.

The motion to dismiss the appeal is granted.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 28, 1914.