[Civ. No. 1493. Third Appellate District.—June 17, 1918.]

## GEORGE R. B. MYERS, Respondent, v. D. CANEPA et ux., Appellants.

APPEAL—JUDGMENT-ROLL—PRESUMPTION.—On an appeal on the judgment-roll alone, every intendment possible is in favor of the judgment or order appealed from, and if error does not affirmatively appear, the judgment or order will be sustained, if there is any possible ground.

ID.—IMPROPER JOINDER OF CAUSES OF ACTION—TRIAL UPON COMPLAINT—WAIVER OF DEFECT—PRESUMPTION.—On an appeal taken for failure to sustain a demurrer to a complaint which improperly united causes of action, but in itself stated a good cause of action in so far as the plaintiff himself was concerned, a judgment in favor of plaintiff will be affirmed, since it will be presumed that the defect was cured at the trial.

ID.—ACTION FOR MEDICAL SERVICES—SINGLE CAUSE OF ACTION.—A complaint in an action by a physician for services, which include the claims of two other physicians for services performed with the defendant's consent, states but a single cause of action in favor of the plaintiff, where it is alleged that the charges of the latter were made against the plaintiff personally and formed part of his account.

APPEAL from a judgment of the Superior Court of Napa County. Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

Devoto, Richardson & Devoto, and Percy S. King, for Appellants.

Clarence N. Riggins, W. W. Kaufman, and Wm. P. Hubbard, for Respondent.

CHIPMAN, P. J.—The cause is before us on rehearing. The following statement of the case is taken from the original opinion, written by Justice Hart, affirming the judgment:

"The action was brought to recover judgment against the defendants for medical services rendered and for goods, wares, and merchandise furnished to them. After a jury trial and verdict, judgment was entered in favor of plaintiff

for the sum of three hundred dollars, from which defendants prosecute this appeal on the judgment-roll alone.

"The fourth amended complaint is in two counts. In the first count it is alleged: 'That on the nineteenth day of December, 1914, said defendants were indebted to the plaintiff in the sum of $477.50 on account for medical and surgical services rendered to and for said defendants at their special instance and request by the plaintiff, and by Dr. Laurence Welti and Dr. C. H. Bulson, who performed services for plaintiff therein, for and with the consent of the defendants. By way of explanation of the foregoing allegation and to make the complaint more certain, plaintiff further alleges that during the time in which plaintiff was rendering the services sued for herein, and with defendants' knowledge and consent, and upon defendants' request, the plaintiff called in said Dr. Laurence Welti and Dr. C. H. Bulson, for consultation and advice therein, and for assistance in the performance of said surgical services, and that the charges of said Dr. Laurence Welti and Dr. C. H. Bulson therefor were made against the plaintiff personally, and not against the defendants, or either of them, and are included by plaintiff in his account, and form part of said account against said defendants, and that of the $477.50 sued for herein as above alleged one hundred dollars is on account of the services so rendered by Dr. Laurence Welti, and $2.50 is on account of the services so rendered by Dr. C. H. Bulson, and $375 is on account of the services rendered by plaintiff personally.'

"In the second count it is alleged that, on December 19, 1914, defendants were indebted to D. H. Williams in the sum of $23.05 on account of goods, wares, and merchandise (stated in the briefs to have been medicines) sold and delivered to defendants at their special instance and request, and that said Williams has assigned said claim to plaintiff.

"Defendants demurred to said fourth amended complaint, and also moved for an order striking it from the files. The demurrer was overruled, and the motion denied, and the action of the court in these respects is assigned as error.

"Respondent has filed a notice of suggestion of diminution of the record, setting forth the minute order made on October 18, 1915, at which time a motion for a new trial was denied, said minute order reading as follows:

" 'The above motion for new trial came on regularly. . . . Motion argued and submitted, and the court orders that the motion for a new trial is granted unless the plaintiff produce within ten days satisfactory vouchers of the payment and release of demands of Drs. Laurence Welti and C. H. Bulson, and if such vouchers are produced to the satisfaction of the Court, then, and in that event, the motion for new trial will stand denied.

" 'Said release having been produced and approved by the court and filed, the motion for a new trial is hereby denied.'

"A copy of the release signed by said Drs. Welti and Bulson is also contained in said notice of suggestion of diminution of the record.

"The application to have incorporated in the record, upon a suggestion of a diminution of the record, the minutes of the court on the motion for a new trial should be and is denied for the reason that said proceedings are not authenticated by incorporating the same in a bill of exceptions. (Code Civ. Proc., sec. 950; Rule 29, Supreme Court.) Moreover, the appeal here is from the judgment on the judgment-roll alone, and the motion for a new trial and an order denying the motion are no part of the judgment-roll. (Code Civ. Proc., secs. 670 and 963, the amendment of the latter section by the legislature of 1915—see Stats. 1915, p. 209—so as to destroy the right of appeal from an order *denying* a new trial, having gone into effect before the appeal here was taken.)"

In the petition for rehearing much stress is laid upon the erroneously assumed fact that in upholding the judgment "this court, in its opinion, considers matters entirely outside of the record." Appellants wholly misconceive the grounds on which the decision is rested. While error was declared in overruling the demurrer, the decision was placed entirely upon well-settled rules of procedure where presumptions and intendments come into play in support of the judgment on appeals on the judgment-roll alone. It is with these presumptions and intendments in support of the judgment we are alone concerned, for appellants insist that no presumptions or intendments can deprive them of a right to a reversal of the judgment for the obvious imperfections of the complaint pointed out in their demurrer.

Referring to the demurrer interposed to the complaint: It may be conceded that the effect of the averments of the fourth

amended complaint is improperly to unite a cause of action in favor of plaintiff personally with a cause of action in favor of Dr. Laurence Welti and Dr. C. H. Bulson. Neither of the two latter was a party to the action, and neither of them assigned his claim to plaintiff. It is alleged that their ''services were rendered to and for defendants at their special instance and request,'' and this averment is in no wise qualified by the further averment that they ''performed services for plaintiff therein.'' Notwithstanding this improperly uniting of the claims of Drs. Welti and Bulson with that of plaintiff for his personal services, there remained sufficient after disregarding the averments as to Drs. Welti and Bulson, to constitute a cause of action in favor of plaintiff, and the general demurrer was properly overruled. The demurrer ''that several causes of action have been improperly united'' should have been sustained. So, also, the demurrer ''that several causes of action are not separately stated, namely, a cause of action in favor of plaintiff against said defendants is not separately stated from causes of action in favor of Dr. Laurence Welti and Dr. C. H. Bulson against said defendants,'' should have been sustained.

There was also a special demurrer interposed, for uncertainty, ambiguity, and unintelligibility on nine different grounds, some of which, if not all, would have justified the court in sustaining the demurrer. Despite its imperfections, however, there was enough in the complaint to confer jurisdiction of the parties and the subject matter. Defendants answered denying specifically the averments of the complaint, and by way of cross-complaint set out what is intended as a cause of action for damages resulting from alleged improper and unskillful treatment of the patient for whom plaintiff was called to prescribe.

The parties went to trial, the result of which was a general verdict by a jury in favor of plaintiff for three hundred dollars, which was $98.05 less than the amount of plaintiff's individual claim. Upon what theory the case was tried; to what issues the evidence was addressed; whether the jury allowed anything for the services of Drs. Welti and Bulson, or either of them, or allowed anything on the assigned claims; or based their verdict wholly on the claim of plaintiff, which was for $375, we do not know. The record is silent. The case is here on the judgment-roll. In such case, certain presumptions and intendments are indulged and come to the relief of

the prevailing party, who might otherwise find himself much embarrassed by his failure to observe the rules governing good pleading in bringing his action.

The position taken by appellants is thus stated in their petition for rehearing: "It was not obligatory upon us in an appeal from the judgment upon the judgment-roll alone, to incorporate in the record evidence which was taken at the trial. (Code Civ. Proc., sec. 670, and Code Civ. Proc., sec. 950.) Having presented the papers necessary upon this appeal, the question is simply one of law; whether the fourth amended complaint was a proper pleading in the face of the demurrer filed by the defendants, and whether or not the order of the court overruling said demurrer affected the substantial rights of the defendants."

The general rule, affirmed in a multitude of cases, is this: "On appeal all intendments are in favor of the regularity of the action of the court. Error will never be presumed, and the burden is upon the appellant to show that it exists." (2 Hayne on New Trial, p. 1576.) In an appeal on the judgment-roll alone every intendment possible is in favor of the judgment or order appealed from, and if error does not affirmatively appear, it will be sustained, if there is any possible ground on which it can be sustained. (Id.) But, say appellants: The error here is patent and conceded, i. e., the complaint on its face is amenable to the demurrer, and the order overruling it was therefore error which the rule of presumptions and intendments cannot cure or overcome. In short, whatever may be the scope of the rule, admittedly very sweeping, it does not reach an error committed in passing upon the sufficiency of a complaint when the question is raised by demurrer.

Whatever may have been the interpretation put upon section 475 of the Code of Civil Procedure prior to the adoption of section 4½, article VI, of the constitution, it is settled that injury is no longer presumed from error, but must be affirmatively shown. (*Vallejo etc. R. R. Co.* v. *Reed Orchard Co.*, 169 Cal. 545, [147 Pac. 238].) The provision is: "No judgment shall be set aside . . . for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

How can the court determine that defendants were injured by overruling the demurrer in this case in the absence of the record showing what occurred at the trial? It may have been that appellants consented to the trial upon its merits without objection to the evidence in support of the complaint, notwithstanding its defects. There may be presumptive waiver, which is a species of consent. As was said by Judge Hart in the original opinion: "In considering an appeal supported by the judgment-roll only, all presumptions and intendments are to be indulged favorably to and in support of the judgment. It must, in other words, be presumed that there was evidence sufficient to support the findings or the verdict, and that, whatever might have properly occurred at the trial to cure the defects of the complaint in any vital particular, did actually occur." As to alleged uncertainty in a complaint challenged by a demurrer, the court said, in *Rooney* v. *Gray Bros.,* 145 Cal. 753, 758, [79 Pac. 523, 524] : "When a case has been tried and a judgment rendered on the facts, in order to warrant a reversal upon the ground of error in overruling a demurrer interposed on the ground of uncertainty in the complaint, it must appear that some substantial right of the demurrant has been affected, some prejudicial error, as distinguished from abstract error, suffered by him, or he has no room for complaint." (See *Dennis* v. *Crocker-Huffman etc. Co.,* 6 Cal. App. 58, 61, [91 Pac. 425].)

The answer, as we have seen, put in issue every averment of the complaint. The complaint was sufficient as against a general demurrer. It was entirely proper for the parties to try the case on its merits, if they chose to do so, even though the complaint was ambiguous and uncertain, and there were several causes of action improperly united. In support of the judgment we must presume that the case was tried on its merits regardless of the imperfection of the complaint, which must be deemed to have been waived.

Bearing in mind that the issues were tried on complaint and answer, we think the following statement by Judge Hayne, in his New Trial, page 1576, is true in the present case: "If the judgment-roll does not itself disclose the error complained of, it is incumbent upon the appellant to make a showing *dehors* such judgment-roll. This can be done in no other way than by bill of exceptions, or, in case of a new trial order, a statement. This is the record of which it is said error must

be affirmatively shown therein, and it must contain everything necessary to make the error apparent; for if anything should be wanting the omission would be fatal. The rule of presumption supplies what is necessary to the validity and the correctness of the action of the trial court, but supplies nothing indicative of error.''

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 15, 1918, and the following opinion then rendered thereon:

THE COURT.—In denying the application for a hearing in this court after decision by the district court of appeal of the third appellate district, we deem it proper to say that, in our opinion, the allegation in the first count of the fourth amended complaint, as set forth in the opinion, substantially states only a single cause of action in favor of plaintiff alone.

The application for a hearing in this court is denied.