[L. A. No. 4887. Department Two.—May 7, 1919.]

MARY E. THROOP et al., Appellants, v. W. C. WEAVER, Respondent.

[1] PROMISSORY NOTE — ACTION FOR CANCELLATION — DESCRIPTION OF NOTE—PLEADINGS—JUDGMENT—PRESUMPTION ON APPEAL.—In an action in equity to cancel a promissory note alleged to have been paid and of which the defendant had possession, the plaintiffs cannot contend on appeal from the judgment that the note described therein was not the one referred to in any of the pleadings or in the findings because the payees are described in the judgment as defendant and another person, where the complaint does not mention by name the payee or payees, and where none of the testimony appears in the transcript, since it must be assumed in favor of the regularity of the judgment that the note therein described is the one in regard to which the parties litigated.

[2] ID.—CROSS-COMPLAINT FOR CONVERSION — JOINDER OF ISSUE AND TRIAL WITHOUT OBJECTION—APPEAL.—In such action, the plaintiffs cannot contend on appeal that a cross-complaint for conversion of certain merchandise was improperly set up in such action, where issue was joined thereon and trial had without demurrer or objection.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Amended and affirmed.

The facts are stated in the opinion of the court.

Fleming, Graham & Graham, John L. Fleming and W. S. Knott for Appellants.

Sheldon Borden and George H. Moore for Respondent.

MELVIN, J.—Appeal by plaintiffs from the judgment.

Plaintiffs sued in equity to cancel a certain note which they alleged in their complaint they executed and delivered to the defendant on or about the twenty-first day of April, 1915. They averred that the principal amount was $1,060, bearing interest at seven per cent per annum, and becoming due on or before July 1, 1916. They alleged that the note was in negotiable form and, upon information and belief, averred that at the time of beginning of the action it was still in the possession and under the control of defendant. They also averred that said note and interest had been paid in full by plaintiffs; that defendant refused to surrender possession thereof; and they prayed for judgment that the note be canceled and surrendered to them.

Defendant answered, admitting the execution and delivery of the note, but denying that any part of it had been paid. Defendant also set up by way of cross-complaint a claim against the plaintiffs for certain merchandise alleged to have been converted by them, and prayed judgment against the plaintiffs for six hundred dollars. Plaintiffs did not demur to the cross-complaint, but answered, putting in issue the allegations thereof, and the cause was thereupon tried.

The court found that the promissory note described in paragraph 1 of the complaint, and not denied by the defendant, had not been paid in full or otherwise by the plaintiffs or any other person and that no part of the interest had been paid. Upon the cross-complaint judgment was given in favor of the cross-complainant for the sum of sixty-four dollars, with interest thereon at the legal rate, and the equitable relief demanded in plaintiffs' bill was denied.

[1] In the judgment the description of the note agrees in every particular with that given in the complaint except that the payees are described as defendant, W. C. Weaver and Mary B. Weaver. Upon this supposed variance appellants argue that the promissory note described in the judgment is not the one referred to in any of the pleadings or in the findings of the court. This is an unworthy and frivolous con-

tention. In the first place the complaint does not mention
by name the payee or payees described in the note. There-
fore, there is no necessary variance between the pleading and
the judgment. Secondly, none of the testimony appears in
the transcript, and it is elementary that this court must
assume in favor of the regularity of the judgment that the
note therein described is the one in regard to which the parties
litigated.

[2] Appellants also make the point that the cross-com-
plaint does not state a cause of action, their criticism really
being that the cause of action pleaded is not a proper matter
for cross-complaint. Conceding this to be true, they cannot
here raise the point as they joined issue upon said cross-com-
plaint and went to trial without demurrer or objection.

Appellants also assert that the findings are outside of the
issues in this respect, the while Mary E. Throop was not
made a party to the cross-complaint, judgment thereon was
entered against her.. This contention is correct, but the ob-
jection to the judgment may be obviated by adding the words,
"except Mary E. Throop," after the word "plaintiffs," in the
fourth line from the end of the said judgment, and by insert-
ing the words, "against plaintiffs," after the word "taxed,"
in the second line from the end of said judgment. The trial
court is, therefore, directed to amend the judgment so that
the closing paragraph will be as follows: "It is further
ordered, adjudged and decreed that the said plaintiffs take
nothing from the defendant W. C. Weaver, and that the de-
fendant W. C. Weaver have and recover of and from said
plaintiffs, except Mary E. Throop, the sum of $68.73, together
with said defendant's costs of suit herein incurred and ex-
pended, hereby taxed against plaintiffs at the sum of $44.00."

As so amended the judgment is affirmed with the costs of
this appeal taxed against the plaintiffs Chas. B. Throop and
Richard A. Throop.

Wilbur, J., and Lennon, J., concurred.