[Civ. No. 6364. First Appellate District, Division One.—October 20, 1928.]

CHRIS KOVACEVICH, Appellant, v. FISCHER MOTOR BODY CO. (a Corporation) et al., Respondents.

Josephine L. Kovacevich for Appellant.

Peter tum Suden and Richard tum Suden for Respondents.

CASHIN, J.—An appeal from a judgment denying a petition for a writ of mandate.

Appellant, who was a stockholder in respondent corporation, sought by the proceeding to compel the issuance of a financial statement, as provided by section 302a of the Civil Code. A demurrer with an answer to the petition were filed by the respondent corporation. The answer denied certain of the material allegations of the petition. The demurrer was sustained with leave to amend, and subsequently an amended petition was filed, to which respondent corporation on October 20, 1927, again demurred, filing therewith its motion to strike out portions of the amended petition. Thereafter on November 4, 1927, the court made and entered the following order or judgment, from which the plaintiff appealed: "In this action, good cause appearing to the court, it is ordered that the petition for writ of mandate be and the same is hereby denied." The appeal was taken on the judgment-roll without a bill of exceptions or the transcript provided by section 953a of the Code of Civil Procedure other than the clerk's transcript of the papers constituting the judgment-roll. The certificate attached thereto enumerates the matters included therein, and the record fails to show what proceedings were had or that no evidence was adduced before the court at the time the judgment was rendered.

Appellant claims in his brief that the case was never set for trial; that there was no trial of any issue of fact, and that the entry of the judgment appealed from followed a hearing upon the demurrer to the amended petition.

Whatever may have been the true facts the same do not appear from the record before us; and although, as

contended by appellant, the answer was before the court only in the event the petition stood the test of demurrer (*Metropolitan Life Ins. Co.* v. *Rolph,* 184 Cal. 557 [194 Pac. 1005]), yet, so far as shown, the demurrer might have been withdrawn or waived and the cases have proceeded to trial upon the answer filed. ■ Every intendment and presumption not contradicted by or inconsistent with the record on appeal must be indulged in favor of the judgment (*Throop* v. *Weaver,* 180 Cal. 335 [181 Pac. 55]); and notwithstanding that no reason appears for the entry of the order denying the petition it must be presumed that there was a legal one in the absence of anything to show the contrary (*Woods* v. *Diepenbrock,* 141 Cal. 55 [74 Pac. 546]; *Jackson School District* v. *Culbert,* 134 Cal. 508 [66 Pac. 741]; *Brown* v. *Vidal,* 1 Cal. Unrep. 15; *Myers* v. *Canepa,* 37 Cal. App. 556 [174 Pac. 903, 906]).

For the foregoing reasons the judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 19, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 17, 1928.

All the Justices present concurred.