[Civ. No. 6699. First Appellate District, Division One.—April 3, 1929.]

L. A. WARD, Appellant, v. ED. McKINSEY, Respondent.

A. G. Reily for Appellant.

Nathan M. Dicker and Abe Richman for Respondent.

LANDIS, J., *pro tem.*—This is an appeal by plaintiff from an order of the superior court dissolving a temporary restraining order.

Briefly stated, it is averred in the amended complaint "that defendant, Ed. McKinsey, as plaintiff in an action No. 104,448 in the Superior Court of Los Angeles County, was given judgment herein and one H. E. Putnam for the sum of $645.34 on December 1, 1922"; that "said H. E. Putnam as plaintiff in another action in said court, action No. 103,337, was given judgment against said Ed. McKinsey for the sum of $1200 on March 15, 1923; that it was agreed between all the parties to said actions that no execution was ever to be issued against either of the defendants in action No. 104,448 and that the judgment in action No. 104,448 would be offset by the judgment rendered in action No. 103,337. That on October 1, 1925, said H. E. Putnam,

for a valuable consideration, sold and transferred all his interest in said judgment in action No. 104,448 to plaintiff who is now the owner thereof;

"That in violation of said agreement, said Ed. McKinsey caused an execution to be issued and levied upon certain real property belonging to plaintiff and after due proceeding had, the Sheriff of said Los Angeles County sold said property to said Ed. McKinsey and issued his certificate of sale thereof to said Ed. McKinsey and unless restrained by order of Court said Ed. McKinsey will sell said Certificate of Sale to an innocent purchaser or said Sheriff will after one year has elapsed execute a deed to said Ed. McKinsey; that said Ed. McKinsey is insolvent and if he is allowed to sell said Certificate of Sale, plaintiff will suffer irreparable loss and injury and that plaintiff has no other adequate remedy at law"; and prays for an order restraining defendant from taking any further proceedings in said action No. 104,448 and from selling or in any way disposing of said certificate of sale, for an order requiring defendant to show cause why said restraining order should not continue during the pendency of this action and for an order making such injunction perpetual, and that the said sheriff be restrained from issuing a deed on account of said sale and that the cloud placed upon the property on account of said sale be removed.

The amended complaint was filed January 28, 1927, and on the same date an order to show cause and restraining order was made by the trial court and filed February 4, 1927. Said order directed both the said Ed. McKinsey and said sheriff to show cause on February 7, 1927, why an injunction should not be granted restraining them from the threatened acts complained of; further ordered that they be restrained in the meantime and forbidden to commit or permit to be committed any of said acts until the further order of the court; and further ordered that this order shall be effective upon plaintiff executing a good and sufficient bond in the sum of $1,000.

The next step in the proceeding is the making of the following order by the court, to wit:

"Good cause appearing therefor, it is hereby ordered that the temporary restraining order be and is hereby dissolved.

"Dated this 17th day of February, 1927.

"HARTLEY SHAW, Judge."

It is from this order that the appeal is prosecuted.

The contention of respondent as urged in his brief is that there is only one question of law involved in this appeal: That in handing down his decision the judge of the superior court found that the appellant had no judgment as alleged in his complaint and therefore was not entitled to offset one judgment against the other, which is substantially what he was attempting to do, and that the trial court's ruling on this one question decided all points raised by appellant's application for an injunction.

The appeal was taken on the judgment-roll without a bill of exceptions or the transcript provided by section 953a of the Code of Civil Procedure, other than the clerk's transcript of the papers constituting the judgment-roll.

The record does not show what proceedings were had or that no evidence was adduced before the court at the time the order was made and entered. So far as disclosed by the record before us, the court may have made the order after and upon having become satisfied that the preliminary restraining order granted *ex parte* which by its terms is to continue until a further order of the court was improvidently or erroneously made (*Wolf* v. *Board of Supervisors,* 150 Cal. 285 [89 Pac. 85]); may have, as contended by respondent, become satisfied that plaintiff did not in fact have a judgment as claimed by respondent, or may have based its act upon one or more of the many other available grounds unnecessary to here enumerate. In any event, whatever may have been the true facts, they do not appear from the record and are not before us.

The rule is well established that every intendment and presumption not contradicted by or inconsistent with the record on appeal must be indulged in favor of the judgment (*Kovacevich* v. *Fischer Motor Body Co.,* 94 Cal. App. 405 [271 Pac. 351]; *Throop* v. *Weaver,* 180 Cal. 335 [181 Pac. 55]), and notwithstanding that no reason appears for the entry of the order dissolving the temporary restraining order it must be presumed that there was a legal one in the absence of anything to the contrary (*Woods* v. *Diepenbrock,* 141 Cal. 55 [74 Pac. 546]).

The rule of presumption supplies what is necessary to the validity and the correctness of the action of the trial

112

court, but supplies nothing indicative of error. (*Myers* v. *Canepa*, 37 Cal. App. 556, 562 [174 Pac. 903, 906].)

It seems, on principle and authority, that the court which has granted a preliminary injunction *ex parte* which by its terms is to continue until further order of the court, may dissolve or modify it of its own motion wherever it becomes satisfied that the order was improvidently or erroneously made. (*Wolf* v. *Board of Supervisors, supra.*)

Lastly, with respect to mention made in the briefs on file, of an affidavit made by A. G. Reily, attorney of record for plaintiff, suffice it to say that its use and consideration by us could not have changed the result of our conclusions reached herein, and in any event, it not having been authenticated in the manner required by law, we cannot consider it. (*Columbia Crude Oil Co.* v. *Deyo*, 25 Cal. App. 268 [143 Pac. 243].)

The order appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.