[Civ. No. 6696. First Appellate District, Division One.—April 8, 1929.]

W. A. NORTON, Respondent, v. LAURA M. MEYERS, Appellant.

J. E. Haley and Birger Tinglof for Appellant.

Charles J. Kelly for Respondent.

LANDIS, J., *pro tem.*—This is an action on a promissory note in the sum of $2,185, given plaintiff as part of the consideration of his agreement to perform a building contract.

In her answer defendant alleges that by reason of the failure of plaintiff to complete the work within the time and as provided by the agreement the consideration for the note wholly failed, and in her cross-complaint asks damages against plaintiff in the sum of $2,925 for failure to perform the building contract and by reason of defective construction and material furnished by plaintiff.

The trial court found that plaintiff has substantially performed the contract and that changes necessary to make the work conform to the agreement could readily be made, and gave judgment against defendant for the amount of the note, less certain allowances for changes in the work performed by plaintiff, to make the same comply with the agreement, detriment caused by failure to perform, for which plaintiff was not at fault, and a sum certain for failure to complete the work within a reasonable time. The amount of allowances made by way of recoupment, aggregating the sum of $850, covering the following items: $100 for damages for failing to complete the contract within a reasonable time and $750 because of deficiencies in construction of the building.

Defendant appeals, and for a reversal of the judgment relies upon and urges the following two points, viz.: First, insufficiency of the evidence to sustain the finding to the effect that, in certain enumerated respects, the work performed and materials furnished by the plaintiff to the defendant were not in accordance with the contract between them, as a result of which the defendant sustained a loss of $750, to be deducted from the amount sued upon. Second, insufficiency of the evidence to sustain the finding to the effect that the building and work as finished by plaintiff was completed substantially in accordance with the agreement between the parties.

In support of the first point urged, appellant contends that the testimony of the witnesses Howard, Brown and Johnson, to the effect that, in their opinion, it would require approximately $2,000 to remedy the defects and make the necessary changes in construction and materials in the building erected by respondent, is in no way contradicted; and that as respondent did not introduce any testimony in contradiction of the testimony of these witnesses there is no basis for the finding that $750 would in fact be sufficient to remedy the defects and compensate appellant; that it is not a case of conflict of evidence, but simply a case where there is no evidence in conflict with the defendant's testimony in this regard. With this contention we are unable to agree. Upon an examination of the entire record it appears to us that this is a case where there is a substantial conflict in the evidence. For instance, and without reviewing the entire testimony, it quite clearly appears that the

principal item complained of is that of a room the construction of which was smaller in size than the contract called for. While it is true that the three witnesses hereinbefore mentioned did give it as their opinion that to replace everything in first-class workmanlike manner, including the making of that room fourteen feet by eighteen feet, as originally specified and agreed upon, it would cost approximately $2,000, there is evidence to the effect that the available space would not permit the construction of a room the size called for, and that after this fact was discovered an oral agreement was entered into by and between the parties under which the smaller size was adopted; and an examination of the entire testimony of these witnesses discloses that the estimates given were based upon the cost of a reconstruction of the room, that is, the cost of taking apart the constructed room and the rebuilding of another room of the size originally called for. In short, there is evidence that contradicts the testimony of the three witnesses Howard, Brown and Johnson which, if believed by the court, justifies and supports the court's conclusion.

The record also discloses that on the last day of the trial a discussion between the court and the respective counsel took place and resulted in a stipulation between the parties to the effect that the trial judge should visit and inspect the building in question and should take with him a contractor and builder of his own selection; that such inspection should be made in the absence of the parties and the attorneys and that any information the judge obtained from such inspection or from the contractor so accompanying him on such inspection should have the same effect and should by the court be considered as if such testimony had been introduced in court at the trial. The record does not show whether the judge did or did not inspect the premises, and the contention of respondent is that for the reason that the record fails to disclose that the judge did not inspect the building, under the rule often laid down by this court that all presumptions not contradicted by or inconsistent with the record on appeal must be indulged in favor of the judgment (citing *Throop* v. *Weaver*, 180 Cal. 335 [181 Pac. 55]; *Woods* v. *Diepenbrock*, 141 Cal. 55 [74 Pac. 546]; *Jackson School District* v. *Culbert*, 134 Cal. 508 [66 Pac. 741]; *Brown* v. *Vidal*, 1 Cal. Unrep. 15; *Myers* v. *Canepa*, 37 Cal. App. 556 [174

Pac. 903, 906]; *Kovacevich* v. *Fischer Motor Body Co.*, 94 Cal. App. 405 [271 Pac. 351]), and that it must be presumed in support of the judgment that the court did in fact inspect the building and consider the results of its own observations, in support of the findings complained of. Disposing of this contention of respondent in view of our having, without the consideration of the presumption urged, reached the conclusion that there is a substantial conflict of evidence, suffice it to say that whatever intendments and presumptions legally flow therefrom must be indulged in favor of the judgment.

With respect to the second point urged by appellant, to the effect that there has not been a substantial performance of the contract, the law in this state on this subject has been considered in several recent decisions and is now comparatively well settled. The rule as stated in the case of *Thomas Haverty Co.* v. *Jones*, 185 Cal. 285, 289 [197 Pac. 105, 107], and supported by a long list of authorities therein enumerated, is as follows:

In the case of building contracts where the owner has taken possession of the building and is enjoying the fruits of the contractor's work in the performance of the contract, that if there has been a substantial performance thereof by the contractor in good faith, where the failure to make full performance can be compensated in damages to be deducted from the price or allowed as a counterclaim, and the omissions and deviations were not wilful or fraudulent and do not substantially affect the usefulness of the building for the purposes for which it was intended, the contractor may, in an action upon the contract, recover the amount unpaid of his contract price, less the amount allowed as damages for the failure in strict performance."

Appellant contends that the finding and enumeration by the trial court of eight conceded departures by respondent from the contract show and establish a lack of substantial compliance with his obligations under the contract. The findings of the trial court, after specifying the eight particulars in which the construction did not conform to the agreement, in part recites as follows:

"Such neglect and failure to complete the work and furnish the materials were in minor details only in connection with the whole of said agreement, and can, almost without

exception be readily supplied by said defendant, and that the said agreement was in all respects substantially performed.''

■ The question what constitutes substantial performance is one of some difficulty, but is usually ''to be determined in each case with reference to the existing facts and circumstances.''

■ In this case it quite clearly appears that the variance from the specifications of the contract does not impair the building as a whole; that after construction the building was actually used for the intended purpose and that the defects can be remedied without material or in fact any damage to the other parts of the structure, and other than the item of the reconstruction of the room, which may be eliminated from consideration by reason of the subsequent oral agreement, can be remedied for the amount allowed by the trial court for that purpose.

Based upon the conclusions hereinbefore announced upon the principal issues of the case, we are constrained to hold that the judgment expresses a correct conclusion upon the facts found and that the evidence is sufficient to justify the findings upon the material issues necessary to support the judgment.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.