[Civ. No. 6806. Second Appellate District, Division One.—October 21, 1931.]

STANDARD CABINET WORKS (a Corporation), Appellant, v. S. W. NATHAN et al., Respondents.

Loewenthal, Lissner, Roth & Gunter for Appellant.

Todd, Pawson & Watkins and Robert W. Anderson for Respondents.

BISHOP, J., *pro tem.*—The judgment, which plaintiff recovered in this action, was for the balance due on its contract to remodel a fashion shop, less deductions made because of the faulty quality of the work done. The bone of contention on this appeal is an item of $350 which was deducted because of the installation of imperfect mirrors. The court found that there were "twenty-six defective mirrors, which are valueless and cannot be repaired" and that by reason thereof defendants had been damaged in the sum of $350. Plaintiff contends, rightly, we think, that the evidence does not support this finding.

Both appellant and respondent have argued the case upon the theory that the principles applicable are to be found in the law of sales. They are agreed, as expressed in respondent's brief: "If the thing retained has any value, the recovery of the respondents for damages may and should be reduced accordingly". ■ We have looked through the bill of exceptions for evidence which would support the finding that these twenty-six mirrors, which were retained, have no value, by which should be understood "market value", of course (*Dean* v. *Hawes,* (1916) 29 Cal. App. 689, 693 [157 Pac. 558]). They may be so imperfect as to be valueless to the respondent, for its purposes, and yet possess a value on the market for less exacting needs. There is no evidence from which the court could fix that value, and none that the mirrors had no value.

■ Because, if there is a retrial, the court will be called upon to decide whether or not there were defective mirrors, and if so, what damages resulted, we express our opinion that the law of contracts and not sales is applicable here. (The ultimate results may, or may not, be the same.) The situation presented is that of a contract to furnish labor and material in fitting over a storeroom for defendants' use as a style shop. It is evident that the contract has been substantially performed. In such a case the contractor is entitled to the total contract price, in this case $35,500, less payments already made and less the damage, suffered by the owner, occasioned by the contractor's failure to comply completely with his contract. (*Thomas Haverty Co.* v. *Jones,* (1921) 185 Cal. 285 [197 Pac. 105]; *Norton* v. *Meyers,* (1929) 98 Cal. App. 175 [276 Pac. 611].) For the princi-

ples governing the measure of damages we refer to *Pence* v. *Dennie,* (1919) 41 Cal. App. 428 [182 Pac. 980]; *J. Musto etc. Co.* v. *Pacific States Corp.,* (1920) 48 Cal. App. 452 [192 Pac. 138]; *Thomas Haverty Co.* v. *Jones, supra.*

The finding which must be set aside is referable not to an issue raised by the pleadings, but by the evidence. It may be that when the *remittitur* goes down, defendants will be content to stand on the pleadings they now have, which makes no motion of these twenty-six defective mirrors. Hence we make this order: The judgment is reversed, with instructions to the trial court to amend the findings of fact, conclusions of law and judgment so that no deduction shall be made for the twenty-six defective mirrors, unless, within twenty days after the *remittitur* is filed with the clerk of the trial court, defendants file an amended pleading setting up as an offset to the sum found due to plaintiff, a claim for damages due to defective mirrors; in which event a new trial shall be had on that issue only and a new judgment rendered, based on the present findings with the finding made as a result of such new trial substituted for subparagraph 1 of paragraph II of the findings relative to the defendant's answer and counterclaim.

Conrey, P. J., and Houser, J., concurred.