[Civ. No. 10163. First Appellate District, Division One.—December 30, 1936.]

STANLEY H. MEYER, Respondent, v. ELIZABETH THOMAS et al., Appellants.

S. T. Hogevoll for Appellants.

Arthur J. Healy and William E. Barden for Respondent.

BRAY, J., *pro tem.*—This appeal arises out of certain transactions with regard to a promissory note and deed of trust. The action was tried by the court sitting with a jury in an advisory capacity. The court made findings and entered judgment in the sum of $4,444.12 in plaintiff's favor and against defendants Thomas and DeBold, from which judgment said defendants appeal, upon the judgment roll alone.

The facts as found by the court are as follows: Anna Marie Meyer died intestate, leaving as heirs two sons, the defendant Herbert F. Meyer and the plaintiff Stanley H. Meyer. Prior to the commencement of the administration of the estate and for the purpose of facilitating the distribution of said estate plaintiff assigned to defendant Meyer his interest in and to said estate. Comprising part of said estate was a promissory note for $6,500 secured by a deed of trust on certain property on Dolores Street, San Francisco, executed by defendant DeBold, and which property the court found to be worth $2,500. Defendant Meyer borrowed $250 from defendant Elizabeth Thomas, and to secure the repayment of said loan he assigned and transferred to her the DeBold note and deed of trust. Defendant Thomas knew at all times that plaintiff had an interest in and to part of the estate and thereby to the DeBold note, which interest had never been renounced, repudiated or disclaimed by plaintiff. Before this action was commenced defendant Meyer assigned the said note to plaintiff, and plaintiff twice tendered to defendant Thomas $250 and demanded return of the note, but the tenders and demands were by her refused. Soon after the second tender DeBold, without the consent of plaintiff, conveyed by deed his interest in said property to defendant Thomas, who thereupon surrendered to him the promissory note and deed of trust in question. No sale was had under the deed of trust, and the sole consideration for the conveyance was the surrender of the note by defendant Thomas to DeBold. The court further found

that the defendants Thomas and DeBold converted said promissory note and deed of trust to the use and benefit of the defendant Thomas, and deprived plaintiff of his right, title and interest in said note and deed of trust, and gave judgment in plaintiff's favor for $4,444.12, which was the value of the note less the amount of the $250 loan and interest.

The court submitted to the jury two questions: (1) Was the DeBold note delivered by defendant Meyer to defendant Thomas as security for the loan of $250; and (2) Was tender of the $250 made by either of the Meyers to defendant Thomas with demand for delivery by her of said note. To both of these questions the jury answered "yes".

The main questions presented by this appeal are (1) whether, as appellants contend, it is an action to enforce a right secured by a mortgage, or whether, as respondent contends, it is an action for the conversion of personal property, i. e., the note and deed of trust; and (2) if it is an action for conversion, does the complaint state facts sufficient to constitute a cause of action.

 Appellants' first contention, namely, that an action for conversion of a promissory note secured by deed of trust cannot be maintained without first foreclosing the deed of trust is without merit. The action is not *on* the note but *for* the conversion of the note. A pledgee to whom an evidence of debt has been pledged cannot compromise, or discharge the pledged debt, or the security therefor, without the consent of the pledgor. If he releases the debt or security otherwise than upon collection, the pledgor may hold the pledgee for conversion. (*Revert* v. *Hesse*, 184 Cal. 295 [193 Pac. 943]; *Beatty* v. *Pacific States Sav. & Loan Co.*, 4 Cal. App. (2d) 692 [41 Pac. (2d) 378].) Inasmuch as the pledged note was surrendered and the interest of the pledgor and Elizabeth Thomas in the real property conveyed to the trustor without the consent of the pledgor, there was a conversion of the pledged property in the instant case. Cases like *Bank of Italy etc. Assn.* v. *Bentley*, 217 Cal. 644 [20 Pac. (2d) 940], and *Salazar* v. *Steelman*, 4 Cal. App. (2d) 637 [41 Pac. (2d) 571], cited by appellants are not contrary to this doctrine. Those cases hold that an action cannot be maintained *on* a secured indebtedness without first exhausting the security, but as hereinbefore pointed out

this is not an action *on* the note or indebtedness but *for* conversion.

The second point raised by appellants is that the complaint does not state facts sufficient to constitute a cause of action. In this behalf appellants contend that a cause of action cannot be stated in this character of case without first alleging that the security has been exhausted. This contention is, of course, merely another way of putting appellants' first point which has already been determined hereinbefore. ▮ Appellants further contend, in effect, that where an assignment is made which is absolute on its face, it cannot be shown to be an assignment for security only unless fraud is alleged or shown. The complaint does not show the assignment to be absolute but alleges it was made for security only, so this question does not arise as a matter of pleading. The complaint therefore states a cause of action when it alleges that the assignment was made for security only plus the facts showing the conversion of the note and deed of trust thereby assigned. It is not necessary to allege or prove fraud in order to show that an assignment absolute upon its face was given merely for security. (21 Cal. Jur. 292; *Beatty* v. *Pacific States Sav. & Loan Co., supra.*)

▮ Appellants contend that as the signature to the assignment is not denied under oath respondent is precluded from claiming that the assignment was other than a complete and final one. Section 448 of the Code of Civil Procedure, relied upon by appellants does not apply to the consideration for an instrument, nor to its effect, but merely provides that its genuineness and due execution are admitted unless the denial of its genuineness and due execution be under oath. There is no contention in this case that the instrument is not genuine or that it is not duly executed. The respondent contends and the court found that although genuine and duly executed, the consideration for it was that it be held merely for security.

▮ Further contentions of appellants are that the court could not take away from the jury the questions of who was the owner of the note and the amount of the damages. This is an appeal upon the judgment roll alone. We do not know what took place at the trial otherwise than as disclosed by the judgment roll. "When an appeal to this court is to be determined upon the judgment roll alone, all

intendments will be made in support of the judgment, and all proceedings necessary to its validity will be presumed to have been regularly taken." (*Caruthers* v. *Hensley,* 90 Cal. 559 [27 Pac. 411].)

The judgment roll included the special verdict of the jury which found that the DeBold note was delivered by the defendant Herbert Meyer to the defendant Elizabeth Thomas as security for the loan of $250. This, of course, was a finding that the defendant Elizabeth Thomas was not the owner of the note, and was a definite adverse finding on defendant's claim that the assignment was an absolute assignment to her in payment of a debt due her in the sum of $2,290. While the defendant's answer may raise an issue as to whether or not the assignment from plaintiff to defendant Herbert Meyer was merely to facilitate the administration of the mother's estate and that the reassignment from defendant Herbert Meyer to plaintiff of the DeBold note was without consideration, still, there is nothing in the record to indicate that there was any such issue at the trial or that if there was, the evidence was not so clear and undisputed that there was nothing for the jury to pass upon, or that it was not merely a question of law for the court to determine rather than the jury. Any one of these situations would have supported the court's action and findings and therefore it must be assumed that one or more of these situations existed. (*Bliss* v. *Sneath,* 119 Cal. 526, 529 [51 Pac. 848]; *Myers* v. *Canepa,* 37 Cal. App. 556 [174 Pac. 903].) The same rule applies as to the question of damages. Moreover, there is nothing in the record before us to indicate that the appellant ever requested the court to submit to the jury any issue or issues other than those upon which the record shows the jury found, or that any objection as to the limited issues was ever made in the lower court.

▇ Appellants raise two points in reference to damages: First, that the complaint does not allege that plaintiff was damaged, and secondly, that the measure of damages in the case of an action for conversion of a note and deed of trust is not the value of the note but the value of the property described in the deed of trust. As to the first point, while the complaint is not a model of pleading, it does set forth, among other matters, all of the facts of the conversion,

the face value of the note, and prays judgment for money damages. Inasmuch as the measure of damages for conversion of a chose in action is *prima facie* the amount due thereon (8 Cal. Jur. 815), the complaint does give this information. Issues were joined upon these allegations of the complaint by the answer and apparently the case was tried upon this theory, as the findings of the court show. ■ As to the second point, the rule of damages is as just stated and not the value alone of the security given to secure the chose in action. This *prima facie* value of the note, to wit: the amount due thereon, may be attacked by evidence showing payment, the insolvency of the maker, the fact, if it be a fact, that the value of the property given as security is the only value to the note, or any other fact tending to reduce the value of the note. (8 Cal. Jur. 815.) The court found that the amount due upon the note was $4,150. Under the law this was *prima facie* respondent's damage. The record does not disclose any evidence of any less value, even though the Dolores Street property was found to be worth only $2,500. Even had the deed of trust been foreclosed and the property brought only $2,500 at the foreclosure sale, the maker would be liable for the deficiency, and unless it were shown that the maker were insolvent, or other circumstances rendered the deficiency uncollectible, presumably the note would be worth its face value. *Wylde* v. *Schoening*, 96 Wash. 86 [164 Pac. 752], cited by appellant, does not change this rule. In the cited case the note was "a charge *only against the mortgaged premises.* No deficiency judgment was recoverable upon it" (p. 755). (Italics ours.) In the case at bar the note as to any deficiency, at least, was the personal obligation of the maker, and was not a charge only against the premises described in the deed of trust.

■ In the prayer of the complaint the only reference to the defendant DeBold is in the request for judgment for costs and in the omnibus clause asking "for such other and further relief as may to this court seem meet, just and equitable in the premises". However, the complaint itself sets forth the facts showing that the defendant DeBold and the defendant Thomas committed the conversion and here again the findings show that the case was apparently tried upon the theory of DeBold's joint liability with the defendant

Thomas. DeBold, the maker of the note and deed of trust, conveyed the property to Thomas in return for a surrender of the note to him. "A plaintiff is entitled to a joint re-covery of damages against such defendants as he can show have united or cooperated in inflicting a wrong upon him." (*Revert* v. *Hesse, supra,* at page 301.)

Appellants state that they limited this appeal to one upon the judgment roll upon the authority of *Brink* v. *Benton,* 131 Cal. App. 275 [21 Pac. (2d) 455]. That was an action for the unpaid balance due on a promissory note which contained a recital that it was secured by a certain deed of trust. The complaint in that case contained no allegation that the security for the note had been exhausted or applied towards its payment, or that it had become worthless, and the court very properly held that the action could not be maintained without either exhausting the security or showing the security to be valueless. *That* was an action *on* the note and not, as here, *for the conversion of* the note.

The appellants contend that the note and deed of trust in question were assigned by the defendant Herbert F. Meyer to Elizabeth Thomas as security for an indebtedness of $2,290. The jury found it was assigned as security for the loan of $250. Appellants complain that respondents in making tender did not include interest or the cost of commencing foreclosure. Apparently there was no issue made as to these items, at least, as far as the judgment roll is concerned.

Judgment affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 29, 1937, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 25, 1937.